UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES J. WARD,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.

    Defendant.

05 10239 MEL

MAGISTRATE JUDGE Action No. Collings

**NOTICE OF REMOVAL FROM THE DISTRICT COURT OF EAST BOSTON**

To The Honorable Justice of The United States District Court for the District of Massachusetts:

Your petitioner American Airlines, Inc. ("American") hereby states as follows:

1. Plaintiff James J. Ward ("the Plaintiff") brought suit against the defendant American Airlines, Inc. in the Small Claims Court of the East Boston Division of the District Court, to recover two thousand forty dollars ($2,040.00) relating to plaintiff's medical care expenses, which an agent of the defendant allegedly agreed to pay. A true and accurate copy of the Statement of Small Claim and Notice of Trial is attached hereto as Exhibit A.

2. A Copy of the Statement of Small Claim and Notice of Trial (the "Complaint") was duly served upon American Airlines, Inc., on or about January 10, 2005.

3. In the Complaint, Plaintiff alleges that an agent of the Defendant and the Plaintiff signed a binding agreement to pay for the plaintiff's medical expenses between November 21, 2003 and July 6, 2004, and the Defendant is in violation of the contractual obligation.

4. During the relevant time period, the Plaintiff was a participant in a self-funded employee welfare benefit plan established and maintained by Defendant American Airlines, Inc. American established the plan for the purpose of providing health insurance coverage for its qualified retirees of participating AMR Corporation subsidiaries. The group health benefits plan at issue (the "Plan"), in which the Plaintiff was a participant, is an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Plaintiff's claim against American relates directly to the Plan and is governed by ERISA.

5. A copy of the plan is attached hereto as Exhibit B.

6. The allegations in the Complaint "relate[s] to" an employee welfare benefit plan. See 29 U.S.C. § 1144(a). It is well settled that a cause of action filed in state court that comes within the scope of 29 U.S.C. § 1132(a)(1) is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law. Danca v. Private Health Care Systems, Inc., 185 F.3d 1 (1st Cir. 1999). Indeed, as an exception to the well-pleaded complaint rule, such an action is properly removable even when the ERISA nature of the benefit claim is not apparent on the face of the complaint. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

7. Here, the Plaintiff is seeking health insurance benefits under a self-insured group insurance plan. Section 502(a) of ERISA provides, among other things, a cause of action by a participant or beneficiary "to recover benefits due ... under the terms of the plan, to enforce ... rights under the terms of the plan, or to clarify ... rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff's claim falls squarely within ERISA's civil enforcement section.

8. This Court has original federal question jurisdiction over this action pursuant to

28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

9. This Notice of Removal is being filed within the time period required by law. 28 U.S.C. § 1441(b).

10. Promptly after the filing of this Notice of Removal, a copy of the Notice will be filed with the Clerk of Courts for the Boston Municipal Court, and all adverse parties will receive written notice of the filing of this Notice of Removal.

WHEREFORE, Defendant American Airlines, Inc. prays that this action be removed from the East Boston District Court to the United States District Court for the District of Massachusetts.

## VERIFICATION

I, Susan M. Morrison, counsel for the defendant American Airlines, Inc., hereby make oath that I have prepared and read the foregoing Notice, and that the facts set forth therein are true and accurate to the best of my knowledge and belief.

Signed under the pains and penalties of perjury this 7th day of February, 2005.

Susan M. Morrison, Esq.
BBO #553095
FITZHUGH, PARKER & ALVARO, LLP
155 Federal Street, Suite 1700
Boston, MA 02110
(617) 695-2330

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ___7th___ day of February, 2005, served a copy of the above document on each party appearing pro se, as set forth below, by first-class mail, postage prepaid.

James J. Ward
26 Annavoy Street
East Boston, MA 02128

_____
Susan M. Morrison