UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 16  P 1:08

U.S. DISTRICT COURT
DISTRICT OF MASS.

JAMES J. WARD,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.

    Defendant.

Civil Action No.: 05 CV 10239 MEL

## ANSWER OF DEFENDANT AMERICAN AIRLINES, INC.

Pursuant to Rules 8, 12, and 81 of the Federal Rules of Civil Procedure, American Airlines, Inc. ("American") hereby submits the following as its answer to Plaintiff's Statement of Small Claim and Notice of Trial ("the Complaint").

### FIRST DEFENSE

With respect to the specific allegations of the Complaint, American answers as follows:

1.    American states that the allegations of the Complaint contain conclusions of law and therefore no response is required. To the extent that an answer is required, American denies the allegations.

### SECOND DEFENSE

The Plaintiff has failed to state claims upon which relief can be granted.

### THIRD DEFENSE

The Complaint fails for insufficiency of process and insufficiency of service of process. Wherefore, American moves that the Complaint be dismissed pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

The Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, *et seq*. Insofar as the Plaintiff is claiming violations of State law, those claims are preempted by ERISA.

## FIFTH DEFENSE

The Plaintiff is not entitled to a trial by jury in this action because his claims are governed by ERISA.

## SIXTH DEFENSE

American has fully performed any contractual duties it owed to the Plaintiff and therefore the Plaintiff is estopped from asserting claims against the Defendants.

## SEVENTH DEFENSE

American's handling of the Plaintiff's claim for disability benefits complied fully with the terms and conditions of the employee welfare benefit plan established and maintained by Defendant American Airlines, Inc. ("the Plan").

## EIGHTH DEFENSE

American has complied with and performed all of its promises, obligations and duties to the Plaintiff under the Plan, and the handling of the Plaintiff's claim complied fully with ERISA.

## NINTH DEFENSE

Each and every act done or statement made by American and its officers, employees and agents with reference to the Plaintiff was a good faith assertion of American's rights and therefore was privileged and/or justified.

## TENTH DEFENSE

Pursuant to 29 U.S.C. §1132(g), the American is entitled to an award against the Plaintiff of the reasonable attorney's fees they have incurred in defending this action.

## ELEVENTH DEFENSE

American reserves the right to raise such other or further defenses as may become apparent during discovery and up to the time of trial.

WHEREFORE, American Airlines, Inc. hereby requests that this Court:

1. enter judgment in favor of American on all counts of the Complaint;

2. award American its reasonable costs, including attorneys' fees; and

3. award American such other and further relief as the Court deems just and proper.

**AMERICAN AIRLINES, INC.,**
By its Attorneys,

_____
Susan M. Morrison, Esq.
BBO #553095
FITZHUGH, PARKER & ALVARO, LLP
155 Federal Street, Suite 1700
Boston, MA 02110
(617) 695-2330

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 16th day of February, 2005, served a copy of the above document on each party appearing pro se, as set forth below, by first-class mail, postage prepaid.

James J. Ward
26 Annavoy Street
East Boston, MA 02128

_____
Susan M. Morrison