7-2-05

United States District Court
District of Massachusetts

JAMES J. WARD
  Plantiff,
V.
American Airlines, Inc.
  defendant.

Civil Action
# 05 CV 10239
  M.E.L.

"Motion for Summary Judgement"

In acordance with Rule 56(A) of the federal Rules of Civil Procedure, I JAMES J. WARD, Plantiff move for Summary Judgement for All or part of there of. 1.) There is no genuine issue as to the material facts presented by the defendant, as a matter of law. 2.) Rule 81 the defendant only has (20) twenty days to File, they did not meet this deadline, Plantiff filed suit in State Court on 1/10/05 - Notice to File Removal on 2/7/05 (29 Days). 3.) All Federal Rules including 12(B)(4) and 12(B)(5) have been complied with after Removal from state Court. 4.) Defendant is not living up to written contract agreement signed by Both Parties. (see enclosed #1).

5.) Defendant may have signed the agreement in good faith as they stated, but they have not lived up to that agreement.

6.) Pursuant to 29 USC § 1132 (g) defendant moved matter at hand to Federal Court and I move to recover my cost associated with this case.

7.) Plantiff reserves the right to raise further matters that may become apparent in the future.

- Plantiff request judgement in favor of Plantiff in the amount of $4000.00 (four thousand dollars)
- All Relief that the Court deems just and proper.

Thank You
*[signature]*
Pro Se

CC. File
Susan Morrison


Sent in Accordance with Local Rule 5.2
US Mailed

June 29, 2004

## RE: SETTLEMENT AGREEMENT - JAMES WARD #138330

The following represents a full and complete settlement between the Transport Workers Union of America, Local 507 and American Airlines, regarding the termination of Mr. Ward and the grievance dated November 21, 2003.

The Company, the Local Union and Mr. Ward agree that the following Agreement constitutes full and final settlement on behalf of all parties regarding Mr. Ward's reinstatement as stipulated below:

1. Mr. Ward will be reinstated to the position of Fleet Service Clerk Crew Chief (BOS) and returned to an unpaid sick leave of absence effective with the signing of this Agreement. The parties agree that the Final Advisory Letter, dated November 21, 2003, will be withdrawn. Reinstatement is contingent upon Mr. Ward's signing this Agreement.

2. Mr. Ward will return without back pay to the unpaid sick leave of absence with an effective date of November 21, 2003. All accrued Company, Classification and Occupational seniority will be reinstated in accordance with Company policy and the policies regarding his leave of absence.

3. Health benefits will be restored to Mr. Ward effective with the signing of this Agreement. Mr. Ward will be considered eligible to file any benefit claims that have been incurred during the time off payroll and they will be processed in accordance with the terms of the Health Plan. Mr. Ward will be refunded the difference of his COBRA payments and the amount he would have contributed to his benefit plan, as if he would have remained on payroll.

4. Mr. Ward will remain on the leave of absence for as long as the leave will allow. At any time prior to the expiration of the leave, Mr. Ward may sever his relationship (i.e. retire if eligible) from the Company.

5. Mr. Ward will provide the AA Medical Department with his most recent medical information from his treating physician. This information should include diagnosis, prognosis, dates of illness/treatment including any work restrictions and expected date of return to work. This information must be received no later than eight weeks after date of signing this Agreement.

Page Two
James Ward

All parties accept and understand fully that this agreement does not constitute any admission by the Company or the employee. This Agreement is applicable to this individual case only and forms no precedent or basis for any other grievances or settlements arising out of any other grievances, now or in the future. The acceptance of the terms and conditions of this shall constitute withdrawal, waiver and release, of the above mentioned grievance and all other claims, if any, against the Company relating to your termination. This Agreement constitutes a final and binding settlement of all matters relating to the suspension and Final Advisory issued to Mr. Ward on November 21, 2003 and shall not be used by the Union or the Company in any arbitration, hearing or negotiation for any purpose.

Agreed upon and accepted by on this 29 day of June, 2004:

_____ Date: _____    _____ Date: 7/6/04
James Ward  #138330                        Pat Noonan, President, Local 507

_____ Date: 7/6/04
Andy Albert, General Manager BOS

Cc:   Personnel File
      J. Upchurch
      D. Procknow

WARDSTTL