JAMES J. WARD - 26 ANN AVOY St. East Boston, MA. 02128
(617) 569-8693

MS. SUSAN MORRISON
155 Federal St.
Suite 1700
Boston, MA - 02110

July 19, 2005

Docket # 05 CV 10239

RE: JAMES J. WARD v. American Airlines

Dear Ms Morrison

    It is with great pain that I read your letter dated July 14, 2005. I JAMES J. WARD Never, either expressed or otherwise, written or verbal excepted or for that matter reject or have rejected any previous offer by you or your client (American Airlines).
    Since this case was first slated to be heard in Massachusetts small claims court, I have been willing to settle this matter. The one condition I have had all along is there be NO global, universial, or release of other matters not before this court.
    The last time we spoke on June 29, 2005 you told me American was willing to settle for $2400.00 (twenty four hundred dollars). I did agree on this amount as long as there was NO global release and that I would be able to work outside American Airlines. You replied this seemed to be OK.
    When next I heard from you, you seemed very upset that I filed for summary judgement.

Since that time you have not returned my calls.

Now it seems for $2400.⁰⁰ American Airlines wants a release from not only this matter, but for matters currently before the D.O.T, the office of civil Rights, the Mass. comm. against discrimination and other matters relating to ERISA, and HIPAA.

My "Revision of Settlement" as you call it is my attempt to close my relationship with my employeer American Airlines.

Finally by including my "Revision of settlement" to the Honorable Morris E. Lasker without including your clients "fair" offer borders on deceit, and is atleast misrepresentation. Because of this I will include a copy of American's "settlement agreement", which would also prevent me from taking derivative action. Also at this time I would except Americans offer of $2400.⁰⁰ with no other matter included and have the case dismissed without predudice. Lastly Ms. Morrison's letter to me dated July 14, 2005 was not sent in accordance with local Rule 5.2.

Sincerly

James J. Ward

JAMES J. WARD
Pro Se

enc. settlement offer

cc. The Honorable Morris E. Lasker
    File

Sent by U.S. Mail in accordance with Local Rule 5.2

**FITZHUGH, PARKER & ALVARO LLP**
ATTORNEYS AT LAW

155 FEDERAL STREET
SUITE 1700
BOSTON, MA 02110-1727
TELEPHONE: (617) 695-2330
FAX: (617) 695-2335
WWW.FITZHUGHLAW.COM

MICHAEL A. FITZHUGH
WILLIAM L. PARKER
FERDINAND ALVARO, JR. •
MARK A. NEWCITY ◊

CAROL J. ANGUILLA ♦▲
FRANK CAMPBELL JR. ⁺
JOSEPH M. CODEGA ⸫
FREDERICK E. DASHIELL▲
LUCY ELANDJIAN *
ANNE-MARIE H. GERBER ⁻

KATHLEEN GROVER ⱽ
BARBARA L. HORAN
ROBERT P. LA-HAIT
AMY CASHORE MARIANI ⁿ
JEFFREY B. L. MELLER ⁺
SUSAN M. MORRISON
JEFFREY A. NOVINS ♦
EDWARD P. O'LEARY ⁺
STEVEN M. PRICE
JEFFREY F. RICHARDSON ⸫
SONIA L. SKINNER
DAVID JON VOLKIN

RHODE ISLAND OFFICE

871 PONTIAC AVENUE
CRANSTON, RI 02910
TELEPHONE: (401) 941-3220
FAX: (401) 941-3085

CONNECTICUT OFFICE

ONE CONSTITUTION PLAZA
SUITE 900
HARTFORD, CT 06103
TELEPHONE: (860) 549-6803
FAX: (869) 728-0546

\* OF COUNSEL
ℇ INTERNATIONAL COUNSEL

UNLESS DESIGNATED OTHERWISE, OUR ATTORNEYS ARE ADMITTED ONLY IN
MASSACHUSETTS

⁺  ALSO ADMITTED IN CALIFORNIA
▲  ALSO ADMITTED IN CONNECTICUT
◊  ONLY ADMITTED IN CONNECTICUT
•  ALSO ADMITTED IN NEW YORK
⁺  ONLY ADMITTED IN VERMONT

⁻  ALSO ADMITTED IN NEW HAMPSHIRE
⸫  ONLY ADMITTED IN RHODE ISLAND
♦  ALSO ADMITTED IN RHODE ISLAND
ⁿ  ONLY ADMITTED IN WASHINGTON, D.C.
ⱽ  ONLY ADMITTED IN MARYLAND

## FAX TRANSMITTAL SHEET

To:      Mr. James J. Ward                          Fax #: (617) 569-8693

From:  Susan M. Morrison, Esq.                Date: July 8, 2005

Number of Pages (including cover): 7        Billing Reference: JJWard

### Additional Message

Dear Mr. Ward-

  Attached please find the Settlement Agreement and Release for your review.

  After you have had an opportunity to review this document, or to have a lawyer review this document, please contact me.

  If the document is acceptable to you, I would ask that you contact me to arrange for a time when you can come to the office to sign it.

  Thank you for your attention to this matter.

Susan M. Morrison

## SETTLEMENT AGREEMENT AND RELEASE

This Release and Settlement Agreement ("Agreement") entered into by Plaintiff James Ward ("Plaintiff"), and Defendant American Airlines, Inc. ("American") (collectively, the "Parties"), is a binding Contract, the terms of which are delineated below.

1.      The Lawsuit. Plaintiff currently has an action pending in the United States District Court for the District of Massachusetts, Boston Division, styled *James J. Ward v. American Airlines, Inc.*, Docket No. 05 CV 10239 MEL ("the Lawsuit"), alleging claims for, among other things, unreimbursed medical expenses. Plaintiff filed the above-referenced lawsuit against American to recover Plaintiff's alleged damages.

2.      Denial of Liability. American has denied and continues to deny each of the allegations made in the Lawsuit. The Parties recognize, however, that continued litigation of this dispute will be costly, disruptive and time-consuming. Accordingly, to avoid the time, expense and uncertainties of litigation, the Parties now desire to dismiss, settle and compromise the Lawsuit on the following terms and conditions.

3.      Full Settlement. The Parties do hereby fully and finally settle all disputes, claims, and causes of action that were or could have been asserted as a claim or counterclaim by any of the Parties to this action.

4.      Release. Plaintiff agrees, on behalf of himself and all his heirs or personal representatives, to release American, its Parent Company AMR Corporation, all subsidiaries of either, and all of their present or former officers, directors, agents, employees, employee benefit plans, and the trustees, administrators, fiduciaries and insurers of such plans from any and all claims for relief of any kind, whether known to him or unknown, which in any way arise out of or relate to his employment or the termination of my employment at American, concerning events occurring at any time up to the date of this Agreement, including, but not limited to: (1) the Age Discrimination in

1

Employment Act (ADEA); (2) Title VII of the Civil Rights Act of 1964; (3) Americans with Disabilities Act; (4) Worker Adjustment and Retraining Notification Act; (5) Equal Pay Act; (6) Older Workers Benefit Protection Act (OWBPA); (7) Family and Medical Leave Act; (8) Employee Retirement Income Security Act; (9) any other applicable federal law and/or (10) any other applicable state or local laws or ordinances, or any other restrictions on American's rights. Nevertheless, to the extent, if any, required by federal law, nothing in this Agreement should be read to prohibit an action under ADEA or OWBPA to determine the enforceability of this Agreement, or the knowing and voluntary nature of Plaintiff's release of all Age Discrimination in Employment Act or Older Workers Benefit Protection Act claims.

5.   Consideration.

Upon execution of this Agreement and the Stipulation of Dismissal with Prejudice attached as Exhibit "A", American will issue a check payable to James Ward in the amount of two thousand, four hundred dollars and no/100 ($2,400.00). Because the Parties agree that the amount being paid Plaintiff does not constitute wages, American will not withhold any sums from this amount and will not issue a W-2 Form. American will issue to Plaintiff a form 1099 as required by the Internal Revenue Service. If, at any later date, it is claimed or determined by the Internal Revenue Service or other taxing authority that any sums should have been withheld or that any taxes due on those sums were not paid, Plaintiff represents and agrees that the payment of any such taxes, interest or penalties thereby determined to be due shall be his sole responsibility and he agrees to indemnify American and hold it harmless from and against the assessment of any such taxes, interest, or penalties.

Plaintiff recognizes that it would be difficult to quantify and assign a value to each release of all his claims under the statutes and authorities referenced above. Accordingly, Plaintiff expressly agrees and acknowledges that twenty percent (20%) of all monetary consideration Plaintiff receives under the terms of this Agreement is being

2

paid to induce Plaintiff to release any and all claims he may have under the ADEA and/or OWBPA. Plaintiff further agrees that all monetary consideration he receives under this Agreement is apportioned equally among the ten categories of potential claims set forth above in Section 4. In connection with this apportionment, Plaintiff expressly agrees that all covenants, promises and releases contained in this Agreement are supported by adequate and valuable consideration, and Plaintiff expressly agrees that he will not contend otherwise in the future.

6.    Tender Back of Consideration in the Event of Breach.

Plaintiff agrees that if he breaches this Agreement, including bringing claims accruing prior to the execution of this Agreement, after receiving any of these benefits, Plaintiff agrees that he will immediately return those benefits to American. In any action brought by American to enforce any provisions of this Agreement, if American is the prevailing party, it will recover its reasonable costs of enforcement, including without limitation costs and reasonable attorneys fees incurred therein, in addition to any other relief granted.

Nevertheless, to the extent, if any, required by federal law, nothing in the foregoing should be read to require tender back of those monetary benefits paid in exchange for Plaintiff's release of all ADEA and OWBPA claims prior to bringing an action under ADEA or OWBPA to challenge the validity of this Agreement, or the knowing and voluntary nature of Plaintiff's release of all Age Discrimination in Employment or Older Workers Benefits Protection Act claims.

7.    Dismissal of Lawsuit. Within five (5) business days following the execution of this Agreement and the Stipulation of Dismissal attached as Exhibit "A", the Parties shall file with the court the Stipulation and proposed Order of Dismissal.

8.    No Assignment of Claims. Plaintiff represents that he has not made, and will not make, any assignment of any claim, cause or right of action, or any right of any kind whatsoever, embodied in any of the claims and obligations that are released herein, and

3

that no other person or entity of any kind, other than Plaintiff, had or has any interest in any claims that are released herein. Plaintiff agrees to indemnify and hold harmless each and every one of the Released Parties from any and all claims, demands, expenses, costs, attorneys' fees, and causes of action asserted by any person or entity due to a violation of this non-assignment provision.

9.  <u>Confidentiality</u>. Plaintiff represents and warrants that he has not disclosed the existence of, or any details regarding, this Agreement, including the amount of the cash payment, to any person or entity with the sole exception of Plaintiff's immediate family and/or his accountant and that he will not do so at any time in the future unless compelled by law or court order. In the event this paragraph is breached, Plaintiff will forfeit the full amount of the consideration. Plaintiff further agrees that the Released Parties would be irreparably harmed by any actual or threatened violation of this paragraph and that the Released Parties shall be entitled to an injunction prohibiting Plaintiff from committing any such violation and shall be entitled to recover from Plaintiff attorneys' fees and costs incurred in enforcing this provision. If Plaintiff is asked about the Lawsuit, he may answer, "I prefer not to talk about it."

10. <u>Agreement Not to Disparage</u>. Plaintiff agrees not to criticize, denigrate, or disparage any of the Released Parties. Plaintiff further agrees not to testify in any lawsuit or other court proceeding that involves or affects Released Parties without the prior consent of American or unless compelled by court order, and then only after immediately giving reasonable notice to American, by and through its corporate secretary, first by telephone and then in writing at the following address:

> American Airlines, Inc.
> Charles D. MarLett, Corporate Secretary
> 4333 Amon Carter Blvd. MD 5675
> Fort Worth, Texas 76155
> (817) 967-1253

11. **Consideration Acknowledged.** The Parties hereby acknowledge that the covenants in this Agreement provide good and sufficient consideration for every promise, duty, release, obligation and right contained in this Agreement.

12. **Entirety of Agreement.** Plaintiff affirms that this Agreement constitutes the entire agreement between the Parties; that no other promise or agreement of any kind has been made to or with him by any person or entity to cause him to execute this instrument.

13. **Consultation with Attorney.** Plaintiff understands and acknowledges that he has been advised by American to consult with an attorney and tax consultant prior to executing this Agreement, and that he has had an opportunity to do so. Plaintiff further represents and acknowledges that he has carefully read and fully understands each and every term of this Agreement, that he does not rely and has not relied upon any statement made by any of the Released Parties or their agents, representatives or attorneys with regard to any aspect of this Agreement, including its effect, and that he is voluntarily entering into this Agreement.

14. **Reasonable Time to Review.** Plaintiff understands that he has twenty-one (21) days from the date of this document to consider this Agreement. Plaintiff further understands and acknowledges that once he signs this Settlement Agreement and Release, Plaintiff will then have seven (7) days, if Plaintiff so chooses, to notify the Company in writing that he wishes to cancel the Agreement. If, however, Plaintiff elects to cancel this Agreement, Plaintiff understands that he will not be entitled to retain any of the benefits set forth herein. Plaintiff realizes and acknowledges that this Agreement is not effective or enforceable until the seven (7) day period expires. Plaintiff agrees that any changes to this Agreement, whether material or immaterial, will not restart the twenty-one (21) days Plaintiff has to consider this Agreement.

15. **No Pending Bankruptcy.** Plaintiff represents and warrants that, as of the date of the execution of this Settlement Agreement and Release, he has no pending Petition in Bankruptcy, nor is he involved as a debtor in bankruptcy in any other proceeding

5

currently pending before any United States Bankruptcy Court or any other court. Plaintiff agrees that breach of this provision, whether knowing or inadvertent, will constitute a material breach, rendering this Settlement Agreement and Release voidable at the election of American.

16.  Severability. The provisions of this Agreement and Release are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable.

17.  Law Governing. This Agreement is made and entered into in the Commonwealth of Massachusetts, and shall in all respects be interpreted, enforced and governed by and under the laws of the Commonwealth of Massachusetts.

18.  Venue. The parties agree that venue in any action to enforce any provision of this Agreement or for breach of this Agreement shall be in Suffolk County, Massachusetts.

19.  Parties Bound. This Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, successors and assigns.

DATED this _____ day of July, 2005.

For James Ward                                        For American Airlines, Inc.

_____        _____
James Ward                                              David W. Strickler
                                                              Attorney