UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES J. WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 05 CV 10239 MEL |
| v. | ) | |
| | ) | |
| AMERICAN AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S MOTION TO PERMIT ADDITIONAL DISCOVERY PURSUANT TO FEDERAL RULE 56(F)

Subject to Defendant's Response to Plaintiff's Motion for Summary Judgment, filed contemporaneously herewith, Defendant files this, its Motion to Permit Additional Discovery Pursuant to Fed. R. Civ. P. 56(f). Because Plaintiff's Motion for Summary Judgment was filed even before the parties' agreed-upon discovery period began, Defendant has had no opportunity whatsoever to conduct discovery in support of its Answer and Affirmative Defenses.

Federal Rule of Civil Procedure 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
> Fed. R.Civ.P. 56(f)

Summary judgment is improvident where the non-moving party has had insufficient time to conduct discovery. "A grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery." *Ball v. Union Carbide*

Corp., 385 F. 3d 713, 720 (6th Cir. 2004). See also *Harrods Ltd. v. Sixty Interent Domain Names*, 302 F. 3d 214, 244 (4th Cir. 2002)(Generally speaking, 'summary judgment (must) be refused where nonmoving party has not had the opportunity to discover information that is essential to his opposition). When summary judgment motions are filed prior to the nonmoving party having a realistic opportunity to conduct discovery a proper Rule 56(f) motion should be granted. "Where…a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Burlington N. Santa Fe R.R. Co. v Assiniboine and Sioux Tribes*, 323 F. 3d 767, 773 (9th Cir. 2003). Rule 56(f) has been interpreted by the Supreme Court as requiring courts to allow such motions when the nonmoving party has not had the opportunity for discovery.  Indeed, the Supreme Court has held that Fed. R. Civ. P. 56(f) requires, rather than merely permits additional discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition'" *Metabolife Int'l, Inc. v. Wornick*, 264 F. 3d 832, 846 (9th Cir. 2001) *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). A Rule 56(f) motion should be granted almost as a matter of course unless the nonmoving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes*, 323 F. 3d 767, 774 (9th Cir. 2003).

"The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment. The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment."
*Miller v. Wolpoff & Abramson, L.L.P.*, 321 F. 3d 292, 304 (1st Cir. 2003)

Mr. Ward's motion for summary judgment has been filed so early in this action that neither side has had a reasonable chance to conduct discovery, depose witnesses, issue interrogatories, or seek the opinion of experts. The defendant has had no opportunity to conduct a proper discovery, because as noted, the plaintiff filed this motion for summary judgment before the agreed upon discovery period could even begin.

Exhibit 1, is a joint statement signed by both parties dated March 7, 2005. In this document the parties have agreed to a schedule for the possibility of Alternative Dispute Resolution as well as a scheduling plan for the discovery process. The plaintiff and defendant agreed to dates for written discovery, depositions, and expert discovery. The defendant asks the court to hold the plaintiff accountable with respect to this joint statement. Among other things at issue in this case are an ERISA covered employee health benefit plan, a governing collective bargaining agreement, and an agreement between the parties dealing with recovery of past benefits.

Clearly, the defendant has done nothing to impede timely discovery in this matter; instead, Plaintiff has filed a motion for summary judgment before the agreed upon discovery could take place. "Summary denial is especially inappropriate where…the material sought is also the subject of outstanding discovery requests." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes*, 323 F. 3d 767, 773-774 (9th Cir. 2003).

Defendant brings this Motion pursuant to Fed. R. Civ. P. 56(f) expressly subject to its Response to Plaintiff's Motion for Summary Judgment. In the event that the Court does not deny Plaintiff's Motion for Summary Judgment in its entirety, Defendant respectfully prays that the court grant Defendant's Rule 56(f) Motion, staying the Court's ruling on Plaintiff's Motion for Summary Judgment until discovery is complete and the

parties have had sufficient additional time to prepare dispositive motions and responses thereto.

AMERICAN AIRLINES, INC.,
By its attorney,

Susan M. Morrison, Esq.
BBO #553095
FITZHUGH, PARKER &
ALVARO, LLP
Federal Street, Suite 1700
Boston, MA 02110
(617) 695-2330

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing document on Pro Se Plaintiff of record this 25 day of July, 2005.

Susan M. Morrison

4

EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES J. WARD,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 05 CV 10239 MEL |

## JOINT STATEMENT

Plaintiff James J. Ward and defendant American Airlines, Inc. ("American"), submit the following Joint Statement pursuant to the Court's Notice of Scheduling Conference, dated March 7, 2005.

### I.  Proposed Scheduling Conference Agenda

The parties propose that the following items be discussed at the scheduling conference on April 12, 2005:

    A.  Proposed discovery plan and pretrial schedule

    B.  Consent to trial by magistrate judge

    C.  Alternative Dispute Resolution

### II.  Proposed Discovery Plan and Pretrial Schedule

The parties agree that phased discovery would not be helpful to resolve this case and propose the following pretrial schedule:

    A.  Written discovery completed by August 12, 2005.

B.      Depositions of fact witnesses completed by December 20, 2005.

C.      Disclosure of experts, if any, by November 20, 2005.

D.      Expert discovery completed by December 20, 2005.

E.      Dispositive motions, if any, filed by _____.

F.      The parties request a pretrial conference February 10, 2006.

G.      The parties anticipate being ready for trial in April, 2006.

**III.    Issue of Consent to Trial by Magistrate Judge**

The parties consent to trial by Magistrate Judge.

**IV.    Certifications**

Certifications signed by counsel and an authorized representative of each party pursuant to Local Rule 16.1(D)(3) are attached.

AMERICAN AIRLINES, INC.,
By its attorney,

_____
Susan M. Morrison, Esq.
BBO #553095
FITZHUGH, PARKER & ALVARO, LLP
Federal Street, Suite 1700
Boston, MA 02110
(617) 695-2330)695-2330

JAMES J. WARD,
Pro Se Plaintiff,

_____
James J. Ward
26 Annavoy Street
East Boston, MA 02128
(617) 569-8693

2