UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES J. WARD,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>    Defendant. | Civil Action No.: 05 CV 10239 MEL |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    Defendant, American Airlines, Inc. ("Defendant"), opposes the plaintiff's Motion for Summary Judgment. As demonstrated and discussed below, plaintiff's motion for summary judgment does not fulfill the requirements of Federal Rule 56(c). Concurrently herewith and subject to its Response to Plaintiff's Motion for Summary Judgment, Defendant also files its Motion for Additional Discovery pursuant to Fed. R. Civ. P. 56(f).

    In his motion for summary judgment, plaintiff presents conclusory statements without any evidentiary support. Defendant would also note that the plaintiff has apparently attempted, improperly, to use the summary judgment forum as a mechanism for altering his complaint.

    Defendant respectfully urges the Court to deny Plaintiff's untimely and unsupported Motion for Summary Judgment in its entirety, or in the alternative, stay the

Court's ruling on Plaintiff's Motion for Summary Judgment until such time as discovery is complete and dispositive motion can be prepared.

## ARGUMENT

### I    Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings and the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2550 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Kotler v. American Tobacco Co.*, 731 F.Supp. 50, 50 (D. Mass. 1990). The party opposing the motion for summary judgment has the burden of coming forward and establishing that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 324. In the present case, the plaintiff has failed to direct the Court's attention to **any** uncontested facts, nor has the Plaintiff set even controverted factual allegations in his motion for summary judgment. Thus, the applicable facts to the entire case (ie., genuine issues of material fact) are in controversy. The plaintiff's motion cannot stand.

### II.    Motion for Summary Judgment is Premature

As discussed in the defendant's Rule 56(f) motion, the plaintiff's motion for summary judgment comes so early in the litigation process that neither party has had the chance to conduct discovery, depose witnesses, or interview experts. In other words, no fact-finding whatsoever has occurred. Not surprisingly, therefore, the plaintiff's motion for summary judgment does not contain any recitation of undisputed fact. As shown in Exhibit A: Joint Statement, both parties signed an agreement on a set schedule for

Alternative Dispute Resolution and discovery. Before this agreement could be followed, however, plaintiff moved for summary judgment.

When a summary judgment motion is made prior to the nonmoving party having a realistic chance to perform discovery, summary judgment is not appropriate. "A grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery." *Ball v. Union Carbide Corp.*, 385 F. 3d 713, 720 (6th Cir. 2004). See also *Harrods Ltd. v.Sixty Internet Domain Names*, 302 F. 3d 214,244 (4th Cir. 2002)(Generally speaking, summary judgment (must) be refused where nonmoving party has not had the opportunity to discover information that is essential to his opposition). The Supreme Court set out the rule in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), that summary judgment may be granted only after the nonmoving party has had an "adequate time for discovery." As demonstrated in the cases above, motions for summary judgment before discovery can even begin are rarely if ever granted, and are plainly the exception rather than the rule. See *Patton v. General Signal Corp.*, 984 F.Supp. 666, 670 (W.D.N.Y. 1997).

Parenthectically, Defendant notes that Plaintiff's summary judgment motion is also premature because of its failure to address critical matters raised in Defendant's Answer and Affirmative Defenses – matters such as exhaustion of welfare plan remedies, and RLA preemption due to the Plaintiff's failure to grieve. Ever since the parties' initial status conference with the Court, Defendant has in good faith attempted to reach a settlement with plaintiff, and indeed thought it had done so. Plaintiff responded to Defendant's proffered settlement agreement with a counterproposal for over nine million dollars ($9,085,000.) See Exhibit B. Defendant's good-faith attempts to settle this matter

have been frustrated by plaintiff's refusal to release a number of purported claims against the Defendant that to this day remain unpursued and unpled in any forum.

### III. Plaintiff Does Not Meet the Requirements of Rule 56(c)

As discussed in section I, the moving party has the burden of demonstrating that no genuine issue of material fact exists. If the moving party fails in this burden, summary judgment should be denied. "Where the evidence presented in support of the motion fails to demonstrate the absence of a genuine issue, summary judgment will be denied even though no opposing evidentiary matter is submitted." Torres-Rosado v. Rotger-Sabat, 335 F. 3d 1, 9 (1st Cir. 2003). Plaintiff puts forward no factual proof nor any dispositive legal principle that would entitle him to judgment as a matter of law. Indeed Plaintiff makes no attempt whatsoever to deal with the affirmative defenses raised in Defendant's Answer. The only statement of any kind in support of his motion is Plaintiff's own *ipse dixit* that no genuine issue of material fact exists. Clearly, Plaintiff has not met his burden of advancing evidence to demonstrate there are no genuine issues of material fact.

### IV. Plaintiff's Other Arguments Are Not Appropriate for a Motion for Summary Judgment:

Apart from the procedural deficiency of Plaintiff's Motion, the plaintiff is apparently attempting to use his motion of summary judgment as a vehicle for amending his complaint, in that Plaintiff now requests judgment in the amount of $4,000. A Rule 56 motion for summary judgment is an inappropriate method of amending a party's pleading. See Fed. R. Civ. P. 15. This procedurally incorrect attempt at amendment should be disregarded. Given the current posture of the case, Plaintiff must now either obtain leave of Court or Defendant's consent to file an amended complaint.

## CONCLUSION

For the reasons cited above, defendant American Airlines requests that the court deny plaintiff's motion for summary judgment in its entirety on the grounds that it is both premature, and substantively deficient in accordance with Rule 56(c).

AMERICAN AIRLINES, INC.,

By its attorney,

Susan M. Morrison, Esq.
BBO #553095
FITZHUGH, PARKER &
ALVARO, LLP
Federal Street, Suite 1700
Boston, MA 02110
(617) 695-2330

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing document on Pro Se Plaintiff this 25 day of July, 2005.

Susan M. Morrison

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES J. WARD,<br><br>       Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>       Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.: 05 CV 10239 MEL<br>)<br>)<br>)<br>)<br>)<br>) |

### JOINT STATEMENT

Plaintiff James J. Ward and defendant American Airlines, Inc. ("American"), submit the following Joint Statement pursuant to the Court's Notice of Scheduling Conference, dated March 7, 2005.

**I.    Proposed Scheduling Conference Agenda**

The parties propose that the following items be discussed at the scheduling conference on April 12, 2005:

    A.    Proposed discovery plan and pretrial schedule

    B.    Consent to trial by magistrate judge

    C.    Alternative Dispute Resolution

**II.    Proposed Discovery Plan and Pretrial Schedule**

The parties agree that phased discovery would not be helpful to resolve this case and propose the following pretrial schedule:

    A.    Written discovery completed by August 12, 2005.

      B.      Depositions of fact witnesses completed by December 20, 2005.

      C.      Disclosure of experts, if any, by November 20, 2005.

      D.      Expert discovery completed by December 20, 2005.

      E.      Dispositive motions, if any, filed by _____.

      F.      The parties request a pretrial conference February 10, 2006.

      G.      The parties anticipate being ready for trial in April, 2006.

**III.**    **Issue of Consent to Trial by Magistrate Judge**

The parties consent to trial by Magistrate Judge.

**IV.**    **Certifications**

Certifications signed by counsel and an authorized representative of each party pursuant to Local Rule 16.1(D)(3) are attached.

                                          AMERICAN AIRLINES, INC.,
                                          By its attorney,


                                          _____
                                          Susan M. Morrison, Esq.
                                          BBO #553095
                                          FITZHUGH, PARKER & ALVARO, LLP
                                          Federal Street, Suite 1700
                                          Boston, MA 02110
                                          (617) 695-2330)695-2330


                                          JAMES J. WARD,
                                          Pro Se Plaintiff,


                                          _____
                                          James J. Ward
                                          26 Annavoy Street
                                          East Boston, MA 02128
                                          (617) 569-8693

EXHIBIT B

TO: SUSAN MORRISON ESQ.

FROM: JAMES J. WARD    pro se

DATE: 7/12/05

Number of pages six(6) (including cover)

FAX Number 617-569-8693 / sent to 617.695-23:

Revision to Settlement

Please review changes and additions to settlement offer. If the changes are acceptable to you and your client please call or write so that we can sign the agreement.

Thanks
Jim Ward

## Changes to Settlement

1.) Remove Exhibit "A", exchange with Exhibit "B"

2.) Denial of Liability - American & James Ward deny any wrong doing. The defendant recognizes the cost and disruptive and time consuming nature.

3.) Release - JAMES J WARD his heirs etc... will also release American Airlines, AMR and their assignees etc. of any claims from the fore said mentioned and HIPAA ERISA, EEOC, MCAD, and any and all other claims including action brought by JAMES J. WARD with the Dept. of Transportation (involving advantage miles) and the MASS. Attorney Generals office (matters involving MR. John McCabe AA security) with his car not registered in MASS. and not paying state income tax on money earned in MASS.

4.) Consideration - see exhibit "B"
    New amount is $9,985,000.00 (nine million & eighty five thousand dollars 00/100)

5.) Breach of Contract agreement - can not be broken by either party

6.) Confidentiality - by both parties including the union.

7.) <u>Agreement not to Disparage</u> - Both parties again agree and American will post under glass in the common break areas, letters from JAMES WARD & his wife Teri Ward explaining that we both resigned from the company.

\* also JAMES J. WARD agrees he will not testify, cooperation or AID in any way to any case, including but not limited to UNION vs. company matters. State of MASS v. A.A. (McCabe case), the Mark Singleton case, or any case brought to any court by stockholders and/or employees.

8.) also JAMES J. WARD will give up all claims to my pension, retiree health benefits, Flight benefits, and any and all benefits, claims and any position with the UNION TWU or it's assign successors.

9.) Consultation - American Airlines, will review and advise it's CEO, CFO, COO, and any and all other persons needed to accept this agreement.

\* Mark Singleton was convicted of wrongful death after leaving

10.) <u>Bankruptcy</u> - strike par #15 from agreement

11.) <u>Laws Governing & Venue</u> - agreement entered into in Massachusetts but under Federal Law or Laws. Any breach in agreement by either party can and will be enforced in federal and or state (Massachusetts) courts.

If these changes are acceptable please make same and notify me within 21 day (twenty one)

Thanks
James J Ward
Pro Se

# Exhibit "B"

1.) **Front Pay** - 20 years × avg salary / $85,000 = $1,700,000

2.) **Back pay** 2 years × avg salary $85,000 = $170,000

3.) **Relinquish of Pension** - 36 yrs of service (retire @ age 65) × Appox. 65.00 per yr of service = Appox $2500.00 per month × 13 yrs. Avg life expectance 78 yrs. = $390,000

4.) **Relinquish of Retiree health benefits** - $300,000

5.) **Relinquish of Flight Benefits** - $500,000

6.) **Relinquish of 108,000 advantage miles** - $10,000

7.) **Equitable Relief** - Drop of all suits including pending MASS comm. against discrimination $3,000,000

8.) **Loss of Consortium** - wife $1,000,000 myself $2,000,000 $3,000,000 total

cont. of Exhibit "B"

9.) Intentional interference with contractual relations, including retaliation & wrongful termination. — $15,000