UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES J. WARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN AIRLINES, INC. )<br>)<br>Defendant. )<br>) | Civil Action No.: 05 CV 10239 MEL |

### Defendant's Opposition To Plaintiff's "Representations To Court re: Motion For Sanctions" and Plaintiff's Motions Contained In Recent Letters to the Court Regarding Discovery

This is an action brought by James J. Ward for purported breach of contract in connection with the payment of certain medical benefits under a plan governed by ERISA. Defendant American Airlines, Inc. ("AA") removed this matter from state court to this Court because plaintiff's breach of contract claim is in reality a claim for benefits governed by ERISA.

Mr. Ward now moves for the imposition of sanctions against AA for a) failure to file a corporate disclosure statement at the time AA first appeared in the case; b) its substitution of Amy Cashore Mariani for Susan M. Morrison as counsel of record for American Airlines; and c) failure to comply with Local Rule 5.2. Mr. Ward's motion is a recast version of claims asserted before this Court in numerous letters. Additionally, Mr. Ward is seeking relief from this Court regarding several discovery issues related to the depositions of AA employees.[1] Plaintiff's requests are not supported by the rules of this Court, and have already been addressed through communications from AA's counsel.

---

[1] Plaintiff's recent submissions to the Court were not styled as motions, but were filed as letters.

## AA Has Filed A Corporate Disclosure Statement

AA does not deny that its corporate disclosure statement was filed after its first appearance in this matter. This was an oversight that has been remedied, and for which AA apologizes to the Court and to the plaintiff. Mr. Ward has demonstrated no prejudice resulting from this late filing, and therefore is not entitled to sanctions.[2]

## AA's Substitution Of Counsel In Compliance With LR 83.5.2(c)

As is evident from correspondence between Mr. Ward and Amy Cashore Mariani, attached hereto as Exhibit A, Mr. Ward was notified on or before September 14, 2005 that Ms. Mariani had been substituted as counsel for Susan M. Morrison in representing AA in connection with this matter. At that time, no motions were pending before the Court, and no firm trial date had been set. In accordance with LR 83.5.2(c)(1), Ms. Mariani filed a notice of appearance at the same time that Ms. Morrison filed her notice of withdrawal. Leave of court therefore was not required for substitution of counsel under LR 83.5.2(c).

## AA Has Served Mr. Ward With Copies of All Documents In Accordance with All Applicable Rules of Civil Procedure

AA is unclear about the nature of its alleged offense under Local Rule 5.2, as Mr. Ward has been served with copies of all pleadings in compliance with Fed.R.Civ.P. 5 and Local Rule 5.2. Therefore, it cannot respond to his allegations. AA remains ready, willing and able provide the Court with copies of all pleadings filed which demonstrate, by way of certificate of service, that Mr. Ward has been served with all such documents.

---

[2] Plaintiff cites to Rule 11 as the basis for imposition of sanctions. Rule 11 is inapplicable to the instant situation.

## Plaintiff's Letters Regarding Discovery Issues [3]

As mentioned above, this case involves a claim for benefits governed by ERISA. Matters such as these rarely, if ever, involve discovery beyond the administrative record. Nonetheless, Mr. Ward requested that AA produce six individuals for deposition, requested that AA furnish him with their telephone numbers and addresses, and requested that AA provide him with copies of his personnel file and any written agreements between the parties. By way of letter dated September 14, 2005, ("Exhibit A") AA agreed to produce voluntarily five witnesses of his choosing (all six are current AA employees), and provided him with copies of his personnel file, which includes any and all written agreements between Mr. Ward and AA.[4]

Mr. Ward has since written two letters to this Court requesting certain relief, including the imposition of sanctions for AA's alleged failures with regard to discovery. Mr. Ward requests the following relief from the Court:

1. An order requiring AA to provide him with telephone numbers and addresses for six current AA employees whom AA has agreed to produce for deposition;
2. An order requiring all depositions to take place in Boston, in spite of the fact that all but one of the deponents are located in either Dallas or Chicago; and
3. An order requiring AA to produce copies of his personnel file and of any written agreements between the parties.

AA has agreed to produce five of the six witnesses for deposition, and to coordinate their appearances at deposition.[5] Because each of these individuals is a current AA employee, these individuals should be contacted only through AA's attorney.

---

[3] Plaintiff has not attempted to resolve any discovery disputes pursuant to Local Rule 37.1(A).
[4] AA has also received Notices of Deposition for three of its employees, one of whom is not among the original six identified by the plaintiff. AA has advised the plaintiff that it will make these witnesses available for deposition on a mutually agreeable date. The dates originally proposed by the plaintiff, the Monday through Wednesday before Thanksgiving, pose scheduling difficulties for both witnesses and counsel.
[5] Local Rule 37.1 prohibits parties from taking more than five depositions without permission of the Court.

Consequently, Mr. Ward has no need for their addresses and telephone numbers. This information was communicated to Mr. Ward by way of a later dated October 6, 2005, which has been attached hereto as Exhibit B.

Additionally, five of the six individuals live and work either in Dallas or in Chicago. AA has offered to make arrangements for Mr. Ward to fly to both locations to take the depositions of its employees. In spite of AA's offer, Mr. Ward seeks to require these individuals to leave their responsibilities for the purpose of conducting depositions that cannot have relevance to his claims under ERISA.

Finally, in spite of the fact that the only documents relevant to this case are contained in the administrative record (which Mr. Ward has failed to assemble), AA has provided Mr. Ward with copies of his personnel file, including medical records and all written agreements between AA and Mr. Ward. See Exhibit A. AA has therefore exceeded its discovery obligations both with regard to production of witnesses for deposition and with regard to document production.

For the reasons set forth herein, AA requests that this Court DENY any and all motions contained in the above-reference letters from the plaintiff to the Court.

Respectfully submitted,
**AMERICAN AIRLINES, INC.,**

By its attorney,


/s/ Amy Cashore Mariani
Amy Cashore Mariani, BBO #630160
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street Suite 1700
Boston, MA 02110
(617) 695-2330

## CERTIFICATE OF SERVICE

      I, Melissa M. Wangenheim, certify that I served a copy of the foregoing document on plaintiff James J. Ward, pro se, by certified mail, at 26 Annavoy Street, East Boston, MA 02128.

Date: October 25, 2005                                              /s/ Melissa M. Wangenheim
                                                                                             Melissa M. Wangenheim

| | MICHAEL A. FITZHUGH | ANNE-MARIE H. GERBER + |
|---|---|---|
| **FITZHUGH, PARKER & ALVARO LLP** | WILLIAM L. PARKER | KATHLEEN GROVER ▽ |
| **ATTORNEYS AT LAW** | FERDINAND ALVARO, JR. • | BARBARA L. HORAN |
| | MARK A. NEWCITY ▵ | ROBERT P. LA HAIT |
| 155 FEDERAL STREET | | AMY CASHORE MARIANI * |
| SUITE 1700 | | JEFFREY B. L. MELLER ⸸ § |
| BOSTON, MA 02110-1727 | CAROL J. ANGUILLA ♦≠ | SUSAN M. MORRISON |
| TELEPHONE: (617) 695-2330 | FRANK CAMPBELL JR. * | JEFFREY A. NOVINS • |
| FAX: (617) 695-2335 | JOSEPH M. CODEGA ○* | EDWARD P. O'LEARY † |
| WWW.FITZHUGHLAW.COM | FREDERICK E. DASHIELL * | JEFFREY F. RICHARDSON▼* |
| | LUCY ELANDJIAN * | SONIA L. SKINNER |
| | | DAVID JON VOLKIN |

|  |  | * OF COUNSEL |  |
|---|---|---|---|
| RHODE ISLAND OFFICE | CONNECTICUT OFFICE | ⸸ INTERNATIONAL COUNSEL | |
| 571 PONTIAC AVENUE | 100 CONSTITUTION PLAZA | UNLESS DESIGNATED OTHERWISE, OUR ATTORNEYS ARE ADMITTED ONLY IN MASSACHUSETTS | |
| CRANSTON, RI 02910 | SUITE 600 | | |
| TELEPHONE (401) 941-3220 | HARTFORD, CT 06103 | + ALSO ADMITTED IN CALIFORNIA | † ALSO ADMITTED IN NEW HAMPSHIRE |
| FAX (401) 941-3055 | TELEPHONE: (860) 549-6803 | ▵ ALSO ADMITTED IN CONNECTICUT | ○ ONLY ADMITTED IN RHODE ISLAND |
| | FAX: (860) 728-0546 | ▽ ONLY ADMITTED IN CONNECTICUT | ▼ ALSO ADMITTED IN RHODE ISLAND |
| | | • ALSO ADMITTED IN NEW YORK | ≠ ALSO ADMITTED IN WASHINGTON, D.C. |
| | | § ONLY ADMITTED IN VERMONT | ♦ ONLY ADMITTED IN MARYLAND |

September 14, 2005

James J. Ward
26 Annavoy Street
East Boston, MA 02128

    Re:    Ward v. American Airlines
            USDC Civil Action No. 05 CV 10239 MEL

Dear Mr. Ward:

    It was a pleasure speaking with you yesterday. As I informed you in our conversation, this matter has been transferred for handling from Ms. Morrison to myself. Please direct all future correspondence to my attention rather than to Ms. Morrison or to Mr. Strickler.

    Ms. Morrison has forwarded your letter regarding conducting the depositions of six fact witnesses to my attention. As you may be aware, there are strict rules governing the process of taking depositions in federal court. Those rules require that notices of deposition be sent to the attorneys involved in the case, stating the date, time and location of the depositions. I have enclosed a notice of deposition for your deposition that will give you the form of the notice of deposition. As you can see, it states that I will take your deposition on Monday, October 31, 2005 beginning at 10:00 am at our offices at 155 Federal Street, Suite 1700. You need to prepare this kind of notice for each witness whom you would like to depose. Please let me know if the date that I have noticed for your deposition poses any problems for you. If I do not hear from you in that regard, I will look forward to seeing you on that date.



EXHIBIT A

**FITZHUGH, PARKER & ALVARO LLP** (2)

   Moreover, the rules for the United States District Court for the District of Massachusetts limit both sides to taking the depositions of five witnesses for no more than seven hours each unless the Court orders otherwise. Therefore, please select the five witnesses whom you would like to depose from the list of six that you have provided to me.

   Additionally, Rule 30 of the Federal Rules of Civil Procedure requires that you hire a court reporter, at your expense, to record the testimony of the witnesses at depositions. Dunn & Goudreau and Doris Wong & Associates are two of the larger court reporter services in the area, and you may wish to contact each of them to determine the likely costs associated with a deposition. In our experience, a typical deposition costs approximately $1,000 to $1,500.

   In terms of your request for the addresses and telephone numbers of the witnesses whom you would like to depose, please be advised that AA will coordinate the appearances of all current AA employees for their depositions at mutually convenient dates, times and locations. Please be advised that you will not be able to use the conference rooms at our offices to take these depositions; the court reporter whom you hire may be able to assist you by providing conference room space as well. Also, please note that certain of the AA employees you wish to depose are located in Dallas or Chicago, and you will have to make arrangements to depose them in their respective cities. At present, each of the persons whom you have identified is an AA employee, and we will work with you to facilitate those depositions.

   Mr. Strickler also forwarded your letter regarding global settlement of this matter to my attention. As I informed you in our discussion, AA would be interested in exploring a global settlement of your claims under appropriate circumstances.

   Finally, in connection with our discussion today, without waiving AA's rights to contend that the same are not relevant to your claims in federal court, I enclose copies of your personnel and medical files as well as filings in the above-entitled action that you requested in our conversation.

                   Very truly yours,

                   Amy Cashore Mariani

Enc.
Cc: David W. Strickler, Esq.
   Michael A. Fitzhugh, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES J. WARD,<br><br>   Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>   Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.: 05 CV 10239 MEL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF DEPOSITION

To: James J. Ward
   26 Annavoy Street
   East Boston, MA 02128

  PLEASE TAKE NOTICE that the defendant, American Airlines, Inc., by and through its attorney, will conduct the deposition of the plaintiff, James Ward, on Monday, October 31, 2005 at 10:00am at the law offices of Fitzhugh, Parker & Alvaro LLP, 155 Federal Street, Suite 1700, Boston, MA 02110 before an officer authorized to administer oaths in accordance with the Federal Rules of Civil Procedure. The deposition will continue day to day until completed.
  You are invited to attend and cross-examine.

           Respectfully submitted,
           **AMERICAN AIRLINES, INC.,**

           By its attorney,

           */s/ Amy Cashore Mariani*
           Amy Cashore Mariani, BBO #630160
           **FITZHUGH, PARKER & ALVARO LLP**
           155 Federal Street Suite 1700
           Boston, MA 02110
Dated: September 14, 2005   (617) 695-2330

| | | |
|---|---|---|
| **FITZHUGH, PARKER & ALVARO LLP**<br>ATTORNEYS AT LAW<br><br>155 FEDERAL STREET<br>SUITE 1700<br>BOSTON, MA 02110-1727<br><br>TELEPHONE: (617) 695-2330<br>FAX: (617) 695-2335<br>WWW.FITZHUGHLAW.COM | MICHAEL A. FITZHUGH<br>WILLIAM PARKER<br>FERDINAND ALVARO, JR. •<br>MARK A. NEWCITY ▵<br><br>CAROL J. ANGUILLA ♦▴<br>FRANK CAMPBELL JR. *<br>JOSEPH M. CODEGA ○•<br>FREDERICK E. DASHIELL*<br>LUCY ELANDJIAN * | ANNE-MARIE H. GERBER +<br>KATHLEEN GROVER ▽<br>BARBARA L. HORAN<br>ROBERT P. LA HAIT<br>AMY CASHORE MARIANI *<br>JEFFREY B. L. MELLER ♯ §<br>SUSAN M. MORRISON<br>JEFFREY A. NOVINS •<br>EDWARD P. O'LEARY †<br>JEFFREY F. RICHARDSON◊•<br>SONIA L. SKINNER<br>DAVID JON VOLKIN |

| | | |
|---|---|---|
| RHODE ISLAND OFFICE<br><br>571 PONTIAC AVENUE<br>CRANSTON, RI 02910<br>TELEPHONE (401) 941-3220<br>FAX (401) 941-3055 | CONNECTICUT OFFICE<br><br>ONE CONSTITUTION PLAZA<br>SUITE 900<br>HARTFORD, CT 06103<br>TELEPHONE: (860) 549-6803<br>FAX: (860) 728-0546 | * OF COUNSEL<br>♯ INTERNATIONAL COUNSEL<br><br>UNLESS DESIGNATED OTHERWISE, OUR ATTORNEYS ARE ADMITTED ONLY IN MASSACHUSETTS<br><br>+ ALSO ADMITTED IN CALIFORNIA       † ALSO ADMITTED IN NEW HAMPSHIRE<br>▵ ALSO ADMITTED IN CONNECTICUT    ○ ONLY ADMITTED IN RHODE ISLAND<br>▽ ONLY ADMITTED IN CONNECTICUT    ◊ ALSO ADMITTED IN RHODE ISLAND<br>• ALSO ADMITTED IN NEW YORK       ▴ ALSO ADMITTED IN WASHINGTON, D.C.<br>§ ONLY ADMITTED IN VERMONT        ♦ ONLY ADMITTED IN MARYLAND |

October 6, 2005

**VIA CERTIFIED MAIL**
Mr. James J. Ward
26 Annavoy Street
E. Boston, MA 02129

  RE: James J. Ward v. American Airlines, Inc.

Dear Mr. Ward:

  I received your letter dated October 2, 2005. Please be advised that the rule you cite pertaining to summonses applies to summonses issued in connection with complaints, and not to orders of the court compelling attendance of witnesses at depositions. Ordinarily, you would need to have a subpoena issued to compel a witness' attendance at deposition. However, as I have mentioned to you in previous correspondence, AA will produce five of the six witnesses whom you seek to depose voluntarily (court rules prohibit you from taking more than five depositions).

  Please let me know which five witnesses you would like to depose and please give me a list of dates on which you are available to hold their depositions in the cities in which they are based. I will determine their availability on those dates, as well as compare them to my availability, and will notify you of when the depositions can proceed.

  Thank you for your attention to this matter.


EXHIBIT B

FITZHUGH, PARKER & ALVARO LLP                              Mr. J. J. Ward   10/6/05  (2)

                                        Very Truly Yours,

                                        *Amy C. Mariani* (mmw)
                                        Amy Cashore Mariani

cc:     David Strickler, Esq.