UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES J. WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 05 CV 10239 MEL |
| v. | ) |
| | ) |
| AMERICAN AIRLINES, INC. | ) |
| | ) |
| Defendant. | ) |

**Defendant American Airlines, Inc.'s Motion For An Order Precluding Plaintiff
From Filing Further Frivolous Motions**

Pursuant to Fed.R.Civ.P. 11(c), defendant American Airlines, Inc. ("AA")

requests that the Court preclude pro se plaintiff James J. Ward from filing further

frivolous motions. As grounds therefore, AA refers the Court to a motion for a protective

order in which the plaintiff requests that AA be precluded from conducting his deposition

(Exhibit A); to a motion for sanctions dated October 12, 2005 alleging failure to file a

corporate disclosure statement, failure to file properly notices of appearance and

withdrawal, and failure to serve documents in accordance with Local Rule 5.2 (Exhibit

B); to two letters filed by Mr. Ward with the Court dated October 10, 2005, the first

seeking $6,000 in sanctions for AA's failure to file a corporate disclosure statement, and

the second seeking to undo the substitution of the undersigned for Ms. Susan Morrison as

defense counsel (Exhibits C and D); to a letter dated September 15, 2005 in which the

plaintiff seeks miscellaneous relief for purported discovery disputes; and to an undated

letter addressing these same issues (Exhibit E). These five letters and motions were filed

within a period of thirty-two days, were filed without compliance with Local Rule 37.1,

and contain virtually no basis in fact or law. Defense counsel has been forced to respond to these baseless submissions to the Court at significant expense to AA. *See* Opposition to Motion for Sanctions (Exhibit F); Opposition to Motion for Protective Order (Exhibit G).

The law in this Circuit is clear: pro se litigants are required to adhere to the strictures of Fed.R.Civ.P. 11(b), and may be sanctioned if they fail to do so. *Hughes v. McMenamon*, 379 F.Supp.2d 75, 80 (D.Mass. 2005), *citing Lefebvre v. Commissioner of Internal Revenue*, 830 F.2d 417 (1st Cir. 1987). *See also Marino v. Brown*, 357 F.3d 143, 147 (1st Cir. 2004) (imposition of sanctions on pro se taxpayers who pursue frivolous appeals is routine). Pro se plaintiffs are not entitled to file frivolous motions, motions that harass a defendant, or motions that cause an unnecessary increase in the cost of the litigation. *Hughes*, 379 F.Supp.2d at 80.

Each of plaintiff's above-named submissions to the court has failed to comply with Rule 11(b) and/or with plaintiff's other obligations under applicable rules, such as Local Rule 37.1. Each submission has caused an unnecessary increase in the cost of this litigation for AA. In consequence, AA seeks an order from this Court requiring that the plaintiff comply with all applicable federal and local rules of procedure, precluding the plaintiff from filing further frivolous motions and other submissions, and instructing the plaintiff that he will be subject to monetary and other sanctions, including dismissal of his case, should he fail to comport with the requisite rules.

WHEREFORE, American Airlines, Inc. requests that this Court enter an order:

1.  Requiring the plaintiff to comply with all applicable federal and local rules of procedure;

2.  Precluding the plaintiff from filing further motions and other submissions; and

3.  Instructing the plaintiff that he will be subject to monetary and other sanctions, including dismissal of this action, should he fail to abide by this Court's orders and applicable rules of procedure.

Respectfully submitted,
**AMERICAN AIRLINES, INC.,**

By its attorney,


 /s/ Amy Cashore Mariani
Amy Cashore Mariani, BBO #630160
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street Suite 1700
Boston, MA 02110
(617) 695-2330

## CERTIFICATE OF SERVICE

I, Melissa M. Wangenheim, certify that I served a copy of the foregoing document on plaintiff James J. Ward, pro se, by certified mail, at 26 Annavoy Street, East Boston, MA 02128.


Date:  October 27, 2005                   /s/ Melissa M. Wangenheim

3

JAMES J. WARD – Pro-Se
26 Annavoy Street
East Boston, Ma. 02128
617-569-8693

James J. Ward,

       Plaintiff,                Civil Action No.:05 CV 10239 MEL

v.

American Airlines, INC.               October 17, 2005

       Defendant.


Plaintiff's Motion for Protective Order

    Pursuant to Fed. R. Civ. P. 26 the Plaintiff and deponent James J. Ward, seeks

Protection from deposition.  Documents exhibit (A), (B) and (C) certify that I have

met with and exchanged all discovery requested by the defendant, American

Airlines and their attorneys.  This deposition would cause undue burden and expense.

    I request that this deposition not be had, and if it is to be limited in questions to

matters relevant to this case only and for the time period involved in this case.

Also pursuant to Fed. R. Civ. P. 30 (d) 2,4 that if granted the deposition be limited to one

day of seven hours.

                  Sincerely,

                  JAMES J. WARD-Pro Se

    Sent via U.S. certified mail to Amy Mariani in accordance with local Rule 5.2

EXHIBIT
A

JAMES J. WARD - ProSe
26 Annavoy St.
EAST Boston, MA. 02128
617-569-8693

Ms. Amy MARiani
Fitzhugh, Parker, Alvaro
155 Federal St. Suite 1700
Boston, MA. 02110

10/15/05

RE:  Objection to Request For ADMissions

Dear Amy,

1) Objection Filed Relative to Request #1
- this many be a accurate and genuine copy
of the ("the plan") but A.) it is from 2004
and the Date in question is from the plan year
2003. B.) No claim of money is being made re-
lative to this plan but to the signed agreement
signed by the Plantiff and Defendant.

2) this is true to the best of my Knowledge

3) Objection Filed to this Request for Admission
I am currently an employee of Defendant
American Airlines.

4.) This is partly true, it should be amended to show that I am going to be reinstated into this plan (FOR seven months) There is no claim for or of benefits, from this plan until I have been reinstated.

5.) Objection Filed relative to Request for Admission to #5. Defendant has not lived up to their promises, and Obligations under this plan ( plantiff is entitled to 1 year (12 months coverage under this plan)

C.C. File
Clerk of Civil Business

Sincerly

James J Ward- Pro Se

JAMES J. WARD

Sent via U.S. certified Mail in accordance with Local Rule 5.2

James J. Ward - Pro Se
26 Annavoy St
East Boston, MA. 02128
617 - 569 - 8693

James J. Ward
   Plaintiff
      V.
American Airlines          Civil Action # 05 CV 10239 MEL
   Defendant

                                        10/12/05

Clerk of Civil Business
U.S.D.C. Court of Mass
1 Courthouse Way
Boston, MA. 02210


   Representations To Court

   Motion for Sanctions

Dear Sir,

      Under Rule 11 of Federal Rules
the defense attorney has violated
subdivision (b) of the above rule because:
They failed to file Corporate Disclosure statement
as required by Local Rule 7.3 (B);

EXHIBIT
B

Defense attorney failed to faile notice to appear, or notice to withdrawal of appearance. Defense attorney not compling with local Rule 5.2, sending me (Plantiff copy) of papers filed with court, (July 2004) Revision to Settlenent On the Court's initicative I pray that they impose sanctions of monetary penlty into the court.

Sincerly

James J Ward - Pro Se

JAMES J WARD

CC File
Fitzhugh, Parker, Alward

Sent via: U.S. certified mail in accordance with Local Rule 5.2

EXHIBIT
C

JAMES J. WARD - ProSe
26 ANN AVOY St.
EAST BOSTON, MA. 02128
617-569-8693

JAMES J. WARD
PLAINTIFF
    V.
AMERICAN AIRLINES
    Defendant

Civil Action # 05 CV 10239 MEL

Clerk for Civil Business        10/10/05
U.S.D.C. of MASSACHUSETTS
1 Courthouse WAY
BOSTON, MA. 02210

RE: CORPORATE Disclosure Statement

DEAR SIR,

        According to Local Rule 7.3 (B) a PARTY
must File statement upon its first appearance,
pleading, petition, motion, response.....
        Under Federal Rule 7.1 the statement
must be Filed by the defendants first. motion..
This was not done and at this time I am
asking the Court to grant claims for Relief
under Federal Rule 8.
        I feel I am entitled to relief and
that relief should be in the amount of ($6000.00)
six thousand dollars. which is to cover the

amount in the complaint and two thousand ($2000⁰⁰) needed to cover my expenses including hiring an expert in the field of ERISA and other fees and cost incurred during this case. I pray that the court grant this as an alternative or other types of demand.

Sincerly
JAMES J. WARD - ProSe
James J. Ward

cc. File
Fitzhugh, Parker, Alvaro

Sent in accordance with local Rule 5.2 via certified U.S. Mail.

EXHIBIT

D

James J. Ward - ProSe
26 Annavoy St.
East Boston, MA. 02128
617-569-8693

James Ward
   Plaintiff
      V.                          Civil Action # 05 CV 10239
American Airlines                              MEL
   Defendant

                                          10/10/05

Clerk for Civil Business
U.S.D.C. of Massachusetts
1 Courthouse Way
Boston, MA. 02210

RE: Appearances

Dear Sir,

   I received a letter from defense counsel
on or about Oct. 6th or 7th 2005; pertaining
to Notice of withdrawal of Appearance and
Notice of Appearance. According to Local
Rule 83.5.2 (c) an attorney can not with-
draw if any of the following have not been
met. (2) there are no motions pending before
the court [ there is at least one motion pending -
"Notice of Discovery Dispute"] dated Sept. 15
(3.) trail date has been set for April 2006

(4) "Reports" are due, both discovery and depositions.

This is a continuing pattern by the defense not to follow the rules in this case. I pray that the court grants what ever relief onto the plaintiff that it sees proper. Also that attorney Morrison retire as lead attorney until the court grants leave.

Thank-you

James J Ward - Pro Se
JAMES. J-WARD

Cc. File
Fitzhugh, Parker, Alvaro

SENT VIA: U.S. certified MAIL IN accordance with local Rule 5.2



JAMES J. WARD - Pro Se
26 Annavoy St.
East Boston, MA 02128

Sept. 15, 2005

Fitzhugh, Parker, Alvaro
155 Federal St.
Suite 1700
Boston, MA. 02110

RE: JAMES J. WARD V. AMERICAN AIRLINES

<u>Discovery Disputes</u>

Dear Clerk,
        At this time I (JAMES J. WARD) Plantiff move for sanctions and a protective order – under Rule 37·1(b) against American Airlines and their Attorney. On July 23, 2005 I wrote to Attorney Morrison, Requesting the phone numbers and addresses of people needed for discovery. After about two weeks I called Ms. Morrison about the discovery matter, she set up a conference at her office on or about Sept. 1, 2005. At that time we exchanged Discovery, but no information was available to me that I requested, including my personnel file, phone numbers, or other information listed.
   1.) the discovery was held
   2.) the discovery was held Sept. 1 at the law offices of Fitzhugh, Parker, Alvaro (155 Federal St.) @ 11:00 A.M. It lasted appox. 2 hours and

in attendance was Attorney Morrison, a high school intern and myself. The only thing agreed to was that the defendant did owe me some money, but the defendant was looking for a global release. The amount of money owed me is still in question, to be decided by the court.

Last the defendant has not lived up to Rule 116.3 (a)(b)(c)

A) letter enclosed sent to Attorney Morrison and the Clerk dated 7/23/05 - not answered in writing as required by 116.3(a)

B) Parties agreed to discovery but defendant will not and has not supplied written statements of the basis for its position.

C) under 116.3 (E) opposing party has declined in writing to provide the request discovery.

Rule 116.7 - Duty to Supplement has not been done even after Plantiff asked for simple things such as my personnel file.

In closing I pray that the court order the defendant to supply all information requested in discovery and as needed to supplement. Also that the court order depositions be held in the Boston area since six of the 15 people needed to be deposed live or work in the Boston area.

Sincerly
James J. Ward
Pro Se
Jnes J. Ward

cc. Fitzhugh, Parker, Alvaro
File

Sent via U.S. Mail in accordance with Local Rule 5.2

JAMES J WARD -ProSe
26 Annavoy St
EAST Boston, MA. 02128

Fitzhugh, Parker, Alvaro
153 Federal St. suite1700
Boston, MA. 02110

Dear MS. MARIANi

In our conversations in the past and in your letter dated 10/6/05 you refer to 5 witnesses can be deposed. According to Local Rule 26-1 (C) Discovery Event Limitations. I can depose ten (10) and (25) interrogatories (25) request for admissions, and two (2) separate sets of requests for production. I can request more if I ask the court, but I believe I can hold the needed depositions to (10). As required by local & Federal Rules 26.5 I am still waiting for the names and addresses of the requested people needed for depositions.

Sincerly

James J Ward

CC. File

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES J. WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 05 CV 10239 MEL |
| v. | ) | |
| | ) | |
| AMERICAN AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### Defendant's Opposition To Plaintiff's "Representations To Court re: Motion For Sanctions" and Plaintiff's Motions Contained In Recent Letters to the Court Regarding Discovery

This is an action brought by James J. Ward for purported breach of contract in connection with the payment of certain medical benefits under a plan governed by ERISA. Defendant American Airlines, Inc. ("AA") removed this matter from state court to this Court because plaintiff's breach of contract claim is in reality a claim for benefits governed by ERISA.

Mr. Ward now moves for the imposition of sanctions against AA for a) failure to file a corporate disclosure statement at the time AA first appeared in the case; b) its substitution of Amy Cashore Mariani for Susan M. Morrison as counsel of record for American Airlines; and c) failure to comply with Local Rule 5.2. Mr. Ward's motion is a recast version of claims asserted before this Court in numerous letters. Additionally, Mr. Ward is seeking relief from this Court regarding several discovery issues related to the depositions of AA employees. [1] Plaintiff's requests are not supported by the rules of this Court, and have already been addressed through communications from AA's counsel.

---

[1]  Plaintiff's recent submissions to the Court were not styled as motions, but were filed as letters.



### AA Has Filed A Corporate Disclosure Statement

AA does not deny that its corporate disclosure statement was filed after its first appearance in this matter. This was an oversight that has been remedied, and for which AA apologizes to the Court and to the plaintiff. Mr. Ward has demonstrated no prejudice resulting from this late filing, and therefore is not entitled to sanctions.[2]

### AA's Substitution Of Counsel In Compliance With LR 83.5.2(c)

As is evident from correspondence between Mr. Ward and Amy Cashore Mariani, attached hereto as Exhibit A, Mr. Ward was notified on or before September 14, 2005 that Ms. Mariani had been substituted as counsel for Susan M. Morrison in representing AA in connection with this matter. At that time, no motions were pending before the Court, and no firm trial date had been set. In accordance with LR 83.5.2(c)(1), Ms. Mariani filed a notice of appearance at the same time that Ms. Morrison filed her notice of withdrawal. Leave of court therefore was not required for substitution of counsel under LR 83.5.2(c).

### AA Has Served Mr. Ward With Copies of All Documents In Accordance with All Applicable Rules of Civil Procedure

AA is unclear about the nature of its alleged offense under Local Rule 5.2, as Mr. Ward has been served with copies of all pleadings in compliance with Fed.R.Civ.P. 5 and Local Rule 5.2. Therefore, it cannot respond to his allegations. AA remains ready, willing and able provide the Court with copies of all pleadings filed which demonstrate, by way of certificate of service, that Mr. Ward has been served with all such documents.

---

[2] Plaintiff cites to Rule 11 as the basis for imposition of sanctions. Rule 11 is inapplicable to the instant situation.

2

## Plaintiff's Letters Regarding Discovery Issues [3]

As mentioned above, this case involves a claim for benefits governed by ERISA. Matters such as these rarely, if ever, involve discovery beyond the administrative record. Nonetheless, Mr. Ward requested that AA produce six individuals for deposition, requested that AA furnish him with their telephone numbers and addresses, and requested that AA provide him with copies of his personnel file and any written agreements between the parties. By way of letter dated September 14, 2005, ("Exhibit A") AA agreed to produce voluntarily five witnesses of his choosing (all six are current AA employees), and provided him with copies of his personnel file, which includes any and all written agreements between Mr. Ward and AA.[4]

Mr. Ward has since written two letters to this Court requesting certain relief, including the imposition of sanctions for AA's alleged failures with regard to discovery. Mr. Ward requests the following relief from the Court:

1. An order requiring AA to provide him with telephone numbers and addresses for six current AA employees whom AA has agreed to produce for deposition;
2. An order requiring all depositions to take place in Boston, in spite of the fact that all but one of the deponents are located in either Dallas or Chicago; and
3. An order requiring AA to produce copies of his personnel file and of any written agreements between the parties.

AA has agreed to produce five of the six witnesses for deposition, and to coordinate their appearances at deposition.[5] Because each of these individuals is a current AA employee, these individuals should be contacted only through AA's attorney.

---

[3] Plaintiff has not attempted to resolve any discovery disputes pursuant to Local Rule 37.1(A).

[4] AA has also received Notices of Deposition for three of its employees, one of whom is not among the original six identified by the plaintiff. AA has advised the plaintiff that it will make these witnesses available for deposition on a mutually agreeable date. The dates originally proposed by the plaintiff, the Monday through Wednesday before Thanksgiving, pose scheduling difficulties for both witnesses and counsel.

[5] Local Rule 37.1 prohibits parties from taking more than five depositions without permission of the Court.

Consequently, Mr. Ward has no need for their addresses and telephone numbers. This information was communicated to Mr. Ward by way of a later dated October 6, 2005, which has been attached hereto as Exhibit B.

Additionally, five of the six individuals live and work either in Dallas or in Chicago. AA has offered to make arrangements for Mr. Ward to fly to both locations to take the depositions of its employees. In spite of AA's offer, Mr. Ward seeks to require these individuals to leave their responsibilities for the purpose of conducting depositions that cannot have relevance to his claims under ERISA.

Finally, in spite of the fact that the only documents relevant to this case are contained in the administrative record (which Mr. Ward has failed to assemble), AA has provided Mr. Ward with copies of his personnel file, including medical records and all written agreements between AA and Mr. Ward. See Exhibit A. AA has therefore exceeded its discovery obligations both with regard to production of witnesses for deposition and with regard to document production.

For the reasons set forth herein, AA requests that this Court DENY any and all motions contained in the above-reference letters from the plaintiff to the Court.

Respectfully submitted,
**AMERICAN AIRLINES, INC.,**

By its attorney,


 /s/ Amy Cashore Mariani
Amy Cashore Mariani, BBO #630160
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street Suite 1700
Boston, MA 02110
(617) 695-2330


4

**CERTIFICATE OF SERVICE**

I, Melissa M. Wangenheim, certify that I served a copy of the foregoing document

on plaintiff James J. Ward, pro se, by certified mail, at 26 Annavoy Street, East Boston,

MA 02128.


Date:  October 25, 2005                                  /s/ Melissa M. Wangenheim
                                                       Melissa M. Wangenheim

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES J. WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 05 CV 10239 MEL |
| v. | ) | |
| | ) | |
| AMERICAN AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### Defendant American Airlines, Inc.'s Opposition to Plaintiff's Motion for a Protective Order

Defendant American Airlines, Inc. ("AA") opposes Plaintiff's motion for a protective order seeking to prevent AA from conducting his deposition. As grounds for his motion, Plaintiff references three exhibits, A, B, and C, which were not attached to the copy received by AA's attorney, that purport to "certify" that he has complied with all discovery requested by AA. Plaintiff has not done so, and is subject to continuing discovery by AA. *See generally* Fed.R.Civ.P. 26, 30, 32, 33, and 34.

Plaintiff has provided AA with automatic disclosures and responses to requests for admissions that do not comply with the rules of civil procedure, but he has not provided AA with documents in response to its request for production of documents, and has not answered interrogatories. Moreover, even if he had complied with all of his obligations under Rules 32 and 34, AA has every right to take Plaintiff's deposition on any and all matters that may lead to the discovery of admissible evidence at trial. Fed.R.Civ.P. 26(b)(1); Fed.R.Civ.P. 30. *See also Young v. Gordon*, 330 F.3d 76,79 (1st


EXHIBIT
G

Cir. 2003) (dismissal of Plaintiff's action appropriate where Plaintiff failed to appear at court-ordered deposition).

While AA has asserted continually that this is an ERISA action requiring little discovery beyond assembly of the administrative record, Plaintiff has continued to claim that it is in fact a breach of contract action, and has advised AA that he intends to take up to ten depositions.[1]  At present, he has noticed the depositions of three AA employees. Copies of those notices are attached hereto as Exhibits A, B, and C.  Plaintiff wants the benefit of deposing witnesses without subjecting himself to a deposition; such a desire contravenes all notions of fair play and justice.

For the reasons set forth herein, AA requests that the Court DENY Plaintiff's motion for a protective order.

Respectfully submitted,
**AMERICAN AIRLINES, INC.,**

By its attorney,


  /s/ Amy Cashore Mariani
Amy Cashore Mariani, BBO #630160
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street Suite 1700
Boston, MA 02110
(617) 695-2330

---

[1] Plaintiff has not requested permission from the court to conduct more than five depositions in this matter. AA's position, therefore, is that he is entitled to take no more than five.

## **CERTIFICATE OF SERVICE**

I, Melissa M. Wangenheim, certify that I served a copy of the foregoing document on Plaintiff James J. Ward, pro se, by certified mail, at 26 Annavoy Street, East Boston, MA 02128.


Date:  October 26, 2005                                          /s/ Melissa M. Wangenheim
                                                                 Melissa M. Wangenheim

3