JAMES J. WARD - ProSe
26 Annavoy St.
East Boston, MA. 02128

10-31-05

Civil Action # 05 CV 10239 MEL

George Howarth, Clerk
U.S.D.C. for Massachusetts
1 Courthouse Way
Boston, MA. 02210

RE: <u>Plantiff James Ward's Motion to Quash Defendant's Motion to prevent Plantiff from filing Motions</u>

This is an action brought by defendant's attorney, preventing filing of frivolous motions. Defendant American Airlines moved this matter from State (small claims) court to this Court. If indeed as the defendant claims that this is a matter governed by ERISA, then said ERISA plan allows for this and any matter involved to be heard in State or Federal court. Defendant's Attorney bills themself as one of the largest law firms in New England, Plantiff asks the Court is it not to much to expect this firm to

file corporate disclosure statement timely? (statement was filed eight months late). Defendant's Attorney(s) only filed notice to appear, and notice to withdrawal only after Plantiff filed motion with this court. Defendant also claims in a recent letter (motion) to the court that all but one of deponents lives or works in Dallas or Chicago. This is totally untrue (see exhibit A, B, C) all three deponents currently live or work or both in the Boston area. Parenthectially the defendant refuses to answer any phone calls looking to set up mutually agreeable dates for depositions on both sides (see exhibit D).

Plantiff has given defendant's attorney(s) a list of 13 potential deponents, yet defendant insist that the number is 6 (see Exhibit E). Futhermore defendant also claims numerous times that plantiff is limited to 5 deponents per Local Rule 37.1 (see exhibit F). Defendant also claims that depositions will continue from day to day exceeding the seven hours one day rule (see exhibit G).

Finally defendant who claims that the cost of these proceedings are costly, is the party that moved this case to Federal Court, and because of that the plantiff has now been forced to hire an expert in ERISA, at the cost of several thousand dollars. As always the plantiff is ready, willing,

able to conference with the defendant and settle this matter and or any other matter before this or any court. The Planiff prays that the motion not be granted.

Sincerly,

*James J Ward* - Pro Se

JAMES J WARD

cc. Fitzhugh, Parker, Alvaro
    File

sent via certified U.S. mail - in accordance with Local Rule 5.2

United States District Court
District of Massachusetts

JAMES J. WARD,
    Plaintiff,

v.                                    Civil Action No. 05 CV 10239 ME

American Airlines, Inc.
    Defendant.
                                                          10/5/05

## Notice of Deposition

Charles York
American Airlines
Logan Int. Airport
Boston, MA 02128

Please be advised, that the Plantiff, JAMES J. WARD, through his Agent and himself will conduct a deposition of the defendant, America Airlines, and its employee Charles York. On Wednesday November 23, 2005 @ 10:00, at 240 Commercial St. 2nd Floor, Boston, M, 02109. The deposition could last more than a day up to 7 hours.

Sincerly

James J Ward - Pro Se.
JAMES J. WARD

United States District Court
District of Massachusetts



JAMES J. WARD,
   Plaintiff,

   v.                          Civil Action No. 05 CV 10239 M

merican Airlines, Inc.
   Defendant.

                                                    10/5/05

## Notice of Deposition

Andy Albert
merican Airlines
oston Int. Airport
oston, MA. 02128

Please be advised, that the Plainti JAMES J. WARD, though his agent and himself will conduct a deposition o the defendant, American Airlines, anc its employee Andy Albert on Tuesday November 22, 2005 @ 10:00 A.M. at the offices of Bramanti and Lyons. 240 Commercial St. 2nd Floor, Boston, MA. 02109 The Deposition could last up to 7 hrs.

Sincerly

James J Ward - Pro Se
JAMES J. WARD



Exhibit D

**FITZHUGH, PARKER & ALVARO LLP**
ATTORNEYS AT LAW

155 FEDERAL STREET
SUITE 1700
BOSTON, MA 02110-1727
TELEPHONE: (617) 695-2330
FAX: (617) 695-2335
WWW.FITZHUGHLAW.COM

MICHAEL A. FITZHUGH
WILLIAM L. PARKER
FERDINAND ALVARO, JR. •
MARK A. NEWCITY ∆

CAROL J. ANGUILLA ♦∆
FRANK CAMPBELL JR. *
JOSEPH M. CODEGA ○
FREDERICK E. DASHIELL *
LUCY ELANDJIAN *

ANNE-MARIE H. GERBER †
KATHLEEN GROVER ▽
BARBARA L. HORAN
ROBERT P. LA HAIT
AMY CASHORE MARIANI *
JEFFREY B. L. MELLER ‡ §
SUSAN M. MORRISON
JEFFREY A. NOVINS •
EDWARD P. O'LEARY †
JEFFREY F. RICHARDSON ◊ ·
SONIA L. SKINNER
DAVID JON VOLKIN

RHODE ISLAND OFFICE
571 PONTIAC AVENUE
CRANSTON, RI 02910
TELEPHONE (401) 941-3220
FAX (401) 941-3055

CONNECTICUT OFFICE
ONE CONSTITUTION PLAZA
SUITE 900
HARTFORD, CT 06103
TELEPHONE: (860) 549-6803
FAX: (860) 728-0546

* OF COUNSEL
‡ INTERNATIONAL COUNSEL

UNLESS DESIGNATED OTHERWISE, OUR ATTORNEYS ARE ADMITTED ONLY IN MASSACHUSETTS

+ ALSO ADMITTED IN CALIFORNIA
∆ ALSO ADMITTED IN CONNECTICUT
▽ ONLY ADMITTED IN CONNECTICUT
• ALSO ADMITTED IN NEW YORK
§ ONLY ADMITTED IN VERMONT

† ALSO ADMITTED IN NEW HAMPSHIRE
○ ONLY ADMITTED IN RHODE ISLAND
◊ ALSO ADMITTED IN RHODE ISLAND
· ALSO ADMITTED IN WASHINGTON, D.C.
♦ ONLY ADMITTED IN MARYLAND

October 17, 2005

**VIA CERTIFIED MAIL**
Mr. James J. Ward
26 Annavoy Street
E. Boston, MA 02129

RE: James J. Ward v. American Airlines, Inc.

Dear Mr. Ward:

I received several letters and a voice mail communication from you at the end of last week regarding a number of matters, including scheduling of depositions. In your voice mail, you indicated that you are in the process of retaining counsel. Please be advised that, because of the ethical rules governing lawyers, I can no longer communicate directly with you regarding the matters raised in your letters and voice mail because of your intention to retain counsel. Kindly have your attorney contact me at his or her earliest opportunity, and please direct all further communications with either myself or American Airlines, Inc. through your attorney. A copy of this letter has been sent to the Court with a request that the same be docketed.

Thank you for your attention to this matter.

Very Truly Yours,

*Amy Cashore Mariani*

Amy Cashore Mariani

JAMES J WARD - Pro Se
26 Annavoy St
East Boston, MA 02128
617-569-8693
Pro Se

Exhibit E

Ms. Susan Morrison
of Fitzhugh, Parker, Alvaro
155 Federal St. Suite 1700
Boston, MA 02110

July 23, 2005

RE: Disclosure and Discovery

According to Federal Rules of Civil Procedure Rule 26 - 26(A)(1)(B) and Rule 26(f) among others, at this time I request (Initial Disclosures.) 26(A)(1)(A). Including the full names, addresses, and telephone numbers of each of the following individual.

1.) Andy Albert
2.) Frances Tedeschi
3.) J. Upchurch
4.) C. Yorke
5.) Dan Procknow
6.) M. Kisko
7.) Diana Drake
8.) John McCabe
9.) Deborah Jameson
10.) Ramp Mgr of Boston on Nov. 23, 2003
11.) ~~Brenda~~ Ms. Eunice Frost
12.) Current G.M. of Boston
13.) Lothar Von Wolfsack
14.) Sharon Douglas

These are the same names that I give you on March 16, 2005.

Also on or about April 12, 2005 myself and defendant American Airlines submitted a Joint Statement on Scheduling Conference. Also in the March 16, 2005 letter I outlined my discovery plan and this should cover Rule 26f and local Rule 26.2. Under local Rule 26(B) I also request any and all document relating to this case in the form of any communication written or otherwise about my termination on Nov. 23, 2005.

Lastly I request that all communications between myself JAMES J. WARD and your client American Airlines go thru you or your law firm. I find it counter productive to deal with you and several people at American Airlines. Please remind your client that under Federal law covering ERISA "No one may Discharge you, or otherwise discriminate against you, to prevent you from receiving a benefit or from exercising rights under ERISA." Any attempt to do so will bring further legal action.

CC: The Honorable Morris E. Lasker
File

Thank-you
James J Ward
JAMES J. WARD
Pro Se

Sent via U.S. Mail in accordance with Local Rule 5.2

Exhibit F

## Plaintiff's Letters Regarding Discovery Issues[3]

As mentioned above, this case involves a claim for benefits governed by ERISA. Matters such as these rarely, if ever, involve discovery beyond the administrative record. Nonetheless, Mr. Ward requested that AA produce six individuals for deposition, requested that AA furnish him with their telephone numbers and addresses, and requested that AA provide him with copies of his personnel file and any written agreements between the parties. By way of letter dated September 14, 2005, ("Exhibit A") AA agreed to produce voluntarily five witnesses of his choosing (all six are current AA employees), and provided him with copies of his personnel file, which includes any and all written agreements between Mr. Ward and AA.[4]

Mr. Ward has since written two letters to this Court requesting certain relief, including the imposition of sanctions for AA's alleged failures with regard to discovery. Mr. Ward requests the following relief from the Court:

1. An order requiring AA to provide him with telephone numbers and addresses for six current AA employees whom AA has agreed to produce for deposition;
2. An order requiring all depositions to take place in Boston, in spite of the fact that all but one of the deponents are located in either Dallas or Chicago; and
3. An order requiring AA to produce copies of his personnel file and of any written agreements between the parties.

AA has agreed to produce five of the six witnesses for deposition, and to coordinate their appearances at deposition.[5] Because each of these individuals is a current AA employee, these individuals should be contacted only through AA's attorney.

---

[3] Plaintiff has not attempted to resolve any discovery disputes pursuant to Local Rule 37.1(A).
[4] AA has also received Notices of Deposition for three of its employees, one of whom is not among the original six identified by the plaintiff. AA has advised the plaintiff that it will make these witnesses available for deposition on a mutually agreeable date. The dates originally proposed by the plaintiff, the Monday through Wednesday before Thanksgiving, pose scheduling difficulties for both witnesses and counsel.
[5] Local Rule 37.1 prohibits parties from taking more than five depositions without permission of the Court.

3

Exhibit F

(b) all opposing parties, and all officers, directors, and employees of opposing parties, from whom statements have been obtained by or on behalf of the defendant regarding the subject matter of the claims or defenses; and

(c) all government agencies or officials then known to the defendant or the defendant's attorneys to have investigated the transaction or occurrence giving rise to the claims or defenses.

Noncompliance may be excused only by order of the judicial officer.

   (c) **Discovery Event Limitations.** Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to ten (10) depositions, twenty-five (25) interrogatories, twenty-five (25) requests for admissions, and two (2) separate sets of requests for production. For purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.
*Adopted effective October 1, 1992; amended effective January 2, 1995.*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Exhibit G

JAMES J. WARD, )
 )
Plaintiff, )
 )  Civil Action No.: 05 CV 10239 MEL
v. )
 )
AMERICAN AIRLINES, INC. )
 )
Defendant. )
 )

### RE-NOTICE OF DEPOSITION

To: James J. Ward
26 Annavoy Street
East Boston, MA 02128

PLEASE TAKE NOTICE that the defendant, American Airlines, Inc., by and through its attorney, will conduct the deposition of the plaintiff, James Ward, on Tuesday, November 8, 2005 at 10:00am at the law offices of Fitzhugh, Parker & Alvaro LLP, 155 Federal Street, Suite 1700, Boston, MA 02110 before an officer authorized to administer oaths in accordance with the Federal Rules of Civil Procedure. The deposition will continue day to day until completed.
You are invited to attend and cross-examine.

Respectfully submitted,
AMERICAN AIRLINES, INC.,

By its attorney,

Amy Cashore Mariani, BBO #630160
FITZHUGH, PARKER & ALVARO LLP
155 Federal Street Suite 1700
Boston, MA 02110
(617) 695-2330

Dated: October 27, 2005