UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
JAMES J. WARD,                      )
                                    )
        Plaintiff,                  )
                                    )   Civil Action No.: 05 CV 10239 MEL
v.                                  )
                                    )
AMERICAN AIRLINES, INC.             )
                                    )
        Defendant.                  )
_____)

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT**

This is an action brought by James J. Ward ("Ward") against American Airlines, Inc. ("AA") for the payment of health benefits between November 21, 2003 and July 6, 2004, a period of time during which Ward was separated from AA's employment. Ward filed this case as an action for breach of contract in Massachusetts Small Claims Court seeking reimbursement for health care costs incurred during that period of time. Ward claims AA's health plan has failed to pay for those health care costs retroactively as agreed to by Ward and AA. Ward's claim must be dismissed because this matter is governed by ERISA, Ward was reimbursed for all properly filed claims during the period of time in question, and Ward failed to exhaust his administrative remedies by following the policies and procedures set forth for seeking reimbursement from the health plan with respect to any remaining claims. Therefore, the health plan administrator has acted appropriately and Ward's claims fail.

## STATEMENT OF FACTS

On or about November 21, 2003, AA issued a Final Advisory Letter to Ward, a Fleet Services Clerk Crew Chief, ending his employment with AA. (Statement of Material Facts Not in Dispute, hereinafter "Statement of Facts", ¶1). Ward was a member of the Transportation Workers Union of America, Local 507 ("the Union"), which grieved his termination. (Statement of Facts, ¶3). On or about July 6, 2004, AA, Ward, and the Union executed a Settlement Agreement ("the Agreement") resolving the claims made in his grievance. (Statement of Facts, ¶2). The Agreement stated, in pertinent part, that:

> Health benefits will be restored to Mr. Ward effective with the signing of this Agreement. **Mr. Ward will be considered eligible to file any benefit claims that have been incurred during the time off payroll and they will be processed in accordance with the terms of the Health Plan**. Mr. Ward will be refunded the difference of his COBRA payments and the amount he would have contributed to his benefit plan, as if he would have remained on payroll. Exhibit 1, paragraph 3. (Emphasis added). (Statement of Facts, ¶4).

Ward has submitted seven claims for payment for medical services rendered between November 21, 2003 and July 6, 2004 to AA's health plan, Harvard Pilgrim Health Care ("the Plan"), administered by United Health Care ("the Administrator") under the terms of the Agreement. (Statement of Facts, ¶5). In accordance with the Summary Plan Description, all seven of these claims, less appropriate co pays, were paid in a total amount of $1,072.00. (Statement of Facts, ¶7).

On January 10, 2005, Ward filed suit against AA, claiming breach of contract for failing to pay medical bills under the Agreement. (Statement of Facts, ¶8). On June 1, 2005, at a settlement conference in this matter, Ward presented AA's counsel with eleven bills totaling $1,533.00, including the seven paid and four other bills. (Statement of

Facts, ¶9). Ward has never submitted the four additional bills, totaling $461.00, to either the Plan or the Administrator. (Statement of Facts, ¶10). Ward was notified by letter dated June 20, 2005 that he needed to submit an appeal to the Member Services Department to have the four claims considered for payment. (Statement of Facts, ¶11).

## ARGUMENT

### A.   Ward's Claims Are Preempted By ERISA.

Ward alleges that this matter sounds in contract. However, because he seeks to recover benefits from a health plan, his claim is governed by ERISA rather than the common law of contracts. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990); *Cogan v. Phoenix Life Ins. Co.*, 310 F.3d 238, 241 (1st Cir.2002), *citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987). On the face of his complaint, he seeks payment of his medical bills. (Statement of Facts, ¶12) Specifically, he says that "July 6, 2004 Mr. Albert and myself signed a binding agreement to pay for my medical bills between Nov.21 2003 and July 6, 2004." (Statement of Facts, ¶13). That Agreement states in pertinent part that "**Mr. Ward will be considered eligible to file any benefit claims that have been incurred during the time off payroll and they will be processed in accordance with the terms of the Health Plan**." (emphasis added) (Statement of Facts, ¶14). The Agreement clearly references payment of Ward's medical expenses through the usual and ordinary processes set forth for payment of benefits in accordance with the Summary Plan Description. It does not represent an agreement by AA to pay Ward's medical expenses directly for the period of time in question. (Statement of Facts, ¶15). Therefore, ERISA preempts Ward's claim for breach of contract.

### B. Ward Received Reimbursement For The Seven Timely, Appropriately Filed Claims.[1]

Ward filed seven claims for benefits for services rendered between November 21, 2003 and July 6, 2004. (Statement of Facts, ¶5). These claims can be broken down as follows:

| Date | Provider | Billed Amount | Status |
| --- | --- | --- | --- |
| 11/4/03 | Ronald Backer | $85.00 | Paid, less $15.00 co pay |
| 11/20/03 | Ronald Backer | $85.00 | Paid, less $15.00 co pay |
| 1/7/04 | Tufts NEMC | $692.00 | Paid, less $35.00 co pay |
| 2/5/04 | Ronald Backer | $85.00 | Paid, less $15.00 co pay |
| 2/6/04 | Prescription | $75.27 | Paid, less $20.00 co pay[2] |
| 3/6/04 | Ronald Backer | $85.00 | Paid, less $15.00 co pay |
| 3/9/04 | Prescription | $20.00 | Paid, less $20.00 co pay |

(Statement of Facts, ¶6).

All of those claims have been paid, save for the co-pay for which he is responsible. (Statement of Facts, ¶7). Therefore, Ward's action fails with respect to these seven claims.

### C. Ward's Action Is Premature Relative To The Four Claims Not Filed Because He Failed To Exhaust His Administrative Remedies.

Ward's complaint seeks plan benefits under 29 U.S.C. § 1132(a)(1)(B); ERISA § 502(a)(1)(B). Before an ERISA plan participant may commence a legal action

---

[1] Because this is an ERISA matter, AA is not a proper party to this action. The proper party to a suit for non-payment of medical expenses under a benefits plan is the administrator of that plan. *Terry v. Bayer*, 145 F.3d 28, 35 (1st Cir.1998). AA is not the plan administrator, and therefore is named improperly in this matter. (Statement of Facts ¶18).

[2] Payments for prescriptions were made by Medimpact. Ward's co pay for prescription services is $20.00 per prescription.

4

challenging a denial of benefits under an employee welfare benefit plan, he must first exhaust whatever avenues of administrative redress exist under the plan. *Terry*, 145 F.3d at 36, 40; *Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 825-26 (1st Cir.1998).[3] In *Terry*, the First Circuit stated "we have determined that a prerequisite to obtaining judicial review under § 1132(a)(1)(B) is that the claimant have <u>exhausted</u> the internal administrative remedies available to him." *Id* at 36; *see also Tomkins v. United Healthcare of New England*, 203 F.3d 90, 94 (1st Cir.2000)(noting that a claimant in an ERISA denial-of- benefits matter must exhaust all administrative remedies before resorting to litigation).

Many reasons exist for enforcing the exhaustion requirement, including reducing the number of frivolous lawsuits under ERISA, promoting consistency in claims adjudication, providing for a non-adversarial means of settling claims, and minimizing costs. *See, e.g.*, *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir.1980). For these reasons, the First Circuit has held consistently that a claimant seeking benefits under an ERISA-regulated welfare benefit plan must exhaust his administrative remedies before filing suit. *Terry,* 145 F.3d at 36, *Drinkwater,* 846 F.2d at 825-26.

Ward has not exhausted the internal administrative remedies available to him by the Plan. (Statement of Facts, ¶16). Moreover, he has not even submitted his claims for services rendered on the four bills in question for processing. Ward was notified expressly of his need to file an administrative appeal in a letter dated June 20, 2005 from

---

[3]     ERISA provides, at 29 U.S.C. § 1133, that every employee benefit plan shall:
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

5

Judy W. Hunter at AA; he failed to do so. (Statement of Facts, ¶17). In short, he has chosen to litigate rather than to pursue the appropriate process, without any allegation that the process is futile or inadequate. The law is clear: a plan participant cannot recover if he fails to exhaust administrative remedies in the absence of demonstrable futility. *Id*. No such futility exists here, and Ward's claims must be dismissed for failure to exhaust administrative remedies. *Drinkwater*, 846 F.2d at 825; *Snow v. Borden, Inc.*, 802 F.Supp. 550, 558 (D. Me. 1992).

## CONCLUSION

For the reasons set forth herein, AA requests that the Court dismiss the Complaint in its entirety, with prejudice, and that the Court award it reasonable attorneys' fees and costs.

        Respectfully submitted,
        **AMERICAN AIRLINES, INC.,**

        By its attorney,


        __/s/ Amy Cashore Mariani__
        Amy Cashore Mariani, BBO #630160
        **FITZHUGH, PARKER & ALVARO LLP**
        155 Federal Street Suite 1700
        Boston, MA 02110
Dated: January 17, 2006        (617) 695-2330

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 17th, 2006.

                                                  __*/s/ Amy Cashore Mariani*_____
                                                  Amy Cashore Mariani