UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                  )
JAMES J. WARD,                        )
                                                  )
       Plaintiff,                  )
                                                  )     Civil Action No.: 05 CV 10239 MEL
v.                                          )
                                                  )
AMERICAN AIRLINES, INC.    )
                                                  )
       Defendant.               )
_____)

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

      Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant American Airlines, Inc. (hereinafter, "AA") submits its statement of material facts not in dispute for purposes of its summary judgment motion.

**Statement of Facts**

1. On or about November 21, 2003, AA issued a Final Advisory Letter to Plaintiff James Ward (hereinafter "Ward"), a Fleet Services Clerk Crew Chief, ending his employment with AA. (See Final Advisory Letter, attached hereto as Exhibit 1).

2. On or about July 6, 2004, AA, Ward, and the Union executed a Settlement Agreement ("the Agreement") resolving the claims made in his grievance. (See Settlement Agreement, attached hereto as Exhibit 2).

3. Ward was a member of the Transportation Workers Union of America, Local 507 ("the Union"), which grieved his termination. (Exhibit 2).

4. The Agreement stated, in pertinent part, that:

> Health benefits will be restored to Mr. Ward effective with the signing of this Agreement. **Mr. Ward will be considered eligible to file any benefit claims that have been incurred during the time off payroll and they will be processed in accordance with the terms of the Health Plan**. Mr. Ward will be refunded the difference of his COBRA payments and the amount he would have contributed to his benefit plan, as if he would have remained on payroll. (Emphasis added). (Exhibit 2, at ¶ 3).

5. Ward has submitted seven claims for payment for medical services rendered between November 21, 2003 and July 6, 2004 to AA's health plan, Harvard Pilgrim Health Care ("the Plan"), administered by United Health Care ("the Administrator") under the terms of the Agreement. (See printout summary of claims records from Harvard Pilgrim Health Care and United Health Care, attached hereto as Exhibit 3).

6. These claims can be broken down as follows:

| Date | Provider | Billed Amount | Status |
| --- | --- | --- | --- |
| 11/4/03 | Ronald Backer | $85.00 | Paid, less $15.00 co pay |
| 11/20/03 | Ronald Backer | $85.00 | Paid, less $15.00 co pay |
| 1/7/04 | Tufts NEMC | $692.00 | Paid, less $35.00 co pay |
| 2/5/04 | Ronald Backer | $85.00 | Paid, less $15.00 co pay |
| 2/6/04 | Prescription | $75.27 | Paid, less $20.00 co pay[1] |
| 3/6/04 | Ronald Backer | $85.00 | Paid, less $15.00 co pay |
| 3/9/04 | Prescription | $20.00 | Paid, less $20.00 co pay |

(Exhibit 3).

---

[1] Payments for prescriptions were made by Medimpact. Ward's co pay for prescription services is $20.00 per prescription.

7. In accordance with the Summary Plan Description (the "Description"), all seven of these claims, less appropriate co pays, were paid in a total amount of $1,072.00. (Exhibit 3; *see also,* Summary Plan Description, attached hereto as Exhibit 4).

8. On January 10, 2005, Ward filed suit against AA, claiming breach of contract for failing to pay medical bills under the Agreement. (See Statement of Small Claim and Notice of Trial, hereinafter "Complaint", attached hereto as Exhibit 5).

9. On June 1, 2005, at a settlement conference in this matter, Ward presented AA's counsel with eleven bills totaling $1,533.00, including the seven paid and four other bills. (See bills given by James J. Ward to Susan M. Morrison, attached hereto as Exhibit 6).

10. Ward has never submitted the four additional bills, totaling $461.00, to either the Plan or the Administrator. (Exhibit 3).

11. Ward was notified by letter dated June 20, 2005 that he needed to submit an appeal to the Member Services Department to have the four claims considered for payment. (See letter from Judy W. Hunter to James J. Ward dated June 20, 2005, attached hereto as Exhibit 7).

12. On the face of his Complaint, he seeks payment of his medical bills. (Exhibit 5).

13. Specifically, he says that "July 6, 2004 Mr. Albert and myself signed a binding agreement to pay for my medical bills between Nov. 21 2003 and July 6, 2004." (Exhibit 5).

14. That Agreement states in pertinent part that "**Mr. Ward will be considered eligible to file any benefit claims that have been incurred during the time off payroll and they will be processed in accordance with the terms of the Health Plan**." (emphasis added) (Exhibit 2 at ¶ 3).

15. The Agreement clearly references payment of Ward's medical expenses through the usual and ordinary processes set forth for payment of benefits in accordance with the Summary Plan Description. It does not represent an agreement by AA to pay Ward's medical expenses directly for the period of time in question. (See generally, Exhibit 2 and Exhibit 4).

16. Ward has not exhausted the internal administrative remedies available to him by the Plan. (See Exhibit 4 generally, *Id.* at 27-29, 40-42; Exhibit 7).

17. Ward was notified expressly of his need to file an administrative appeal in a letter dated June 20, 2005 from Judy W. Hunter at AA; he failed to do so. (Exhibit 7).

18. AA is not the Plan Administrator, and therefore is named improperly in this matter. (See generally Exhibit 3; Exhibit 4; Exhibit 6).

    Respectfully submitted,
    **AMERICAN AIRLINES, INC.,**

    By its attorney,

    _/s/ Amy Cashore Mariani_
    Amy Cashore Mariani, BBO #630160
    **FITZHUGH, PARKER & ALVARO LLP**
    155 Federal Street Suite 1700
    Boston, MA 02110
Dated: January 17, 2006    (617) 695-2330

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January17th, 2006.

                                                               */s/ Amy Cashore Mariani*
                                                               Amy Cashore Mariani