UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
JAMES J. WARD,                      )
                                    )
        Plaintiff,                  )
                                    )   Civil Action No.: 05 CV 10239 MEL
v.                                  )
                                    )
AMERICAN AIRLINES, INC.             )
                                    )
        Defendant.                  )
_____ )

**<u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE</u>**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant American Airlines, Inc. (hereinafter, "AA") submits its opposition to Plaintiff's Motion To Strike Defendant's Summary Judgment Exhibits. Plaintiff seeks to strike all but one exhibit attached to Defendant's Statement of Material Facts Not In Dispute on the grounds that the documents are not authenticated and lack foundation. Plaintiff's motion should be denied.

This is an action under ERISA, mislabeled by an originally pro se plaintiff as a breach of contract action. The documents in question are documents relating to the plaintiff's employment at AA (Final Advisory Letter, Exhibit 1 and Settlement Agreement, Exhibit 2), a summary of claims records (Exhibit 3), the summary plan description for AA's medical benefits (Exhibit 4), medical bills produced by the plaintiff (Exhibit 6) and a letter sent to the plaintiff advising him of the need to appeal to the Member Services Department to pursue four claims for payment (Exhibit 7). Each of these documents is admissible in evidence as a business record, and, prior to AA's receipt

of plaintiff's motion to strike, their authenticity did not appear to be in dispute.[1] Nonetheless, AA attaches hereto affidavits from Lori Kissick (Exhibit A hereto), Deborah Jameson (Exhibit B hereto) and Judy Hunter (Exhibit C hereto) verifying that Exhibits 1-4, 6 and 7 to Defendant's Statement of Material Facts are business records admissible under Rules 803(6) and 902(11) of the Federal Rules of Evidence.[2]

Moreover, plaintiff's contention that Exhibit 6, medical records provided by the plaintiff to AA's attorney on the date of a settlement conference, are inadmissible is baseless and puzzling. These documents, the very bills whose reimbursement the plaintiff seeks, should have been produced to AA pursuant to Rule 26(a)(1) far in advance of the settlement conference. The fact that they were produced to AA only on the date of a settlement conference does not render them privileged and therefore inadmissible because they are not documents created for use at the settlement conference. Rule 408 of the Federal Rules of Evidence states specifically that "[t]his rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations." Medical bills that form the basis of plaintiff's claims certainly constitute evidence that is otherwise discoverable.

---

[1] Moreover, excluding the very documents that serve as the basis of plaintiff's complaint from admissibility serves the purposes of neither party.
[2] As an initial matter, the plaintiff usually bears the burden of assembling the administrative record in an action seeking benefits under ERISA. Because the plaintiff, who was pro se until recently, failed to do so, AA was forced to attempt to assemble the administrative record in the instant case.

|  |  |
|---|---|
|  | Respectfully submitted,<br>**AMERICAN AIRLINES, INC.,**<br><br>By its attorney,<br><br><br>_/s/ Amy Cashore Mariani____<br>Amy Cashore Mariani, BBO #630160<br>**FITZHUGH, PARKER & ALVARO LLP**<br>155 Federal Street Suite 1700<br>Boston, MA 02110 |
| Dated:  March 2, 2006 | (617) 695-2330 |

### CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 2, 2006.

                                                             __/s/ Amy Cashore Mariani__
                                                             Amy Cashore Mariani

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES J. WARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN AIRLINES, INC. )<br>)<br>Defendant. )<br>) | Civil Action No.: 05 CV 10239 MEL |

### AFFIDAVIT OF LORI KISSICK IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Lori Kissick, depose and state that:

1. I am employed by American Airlines, Inc. as Benefits Vendor Manager. In that capacity, I am responsible for certain communications with Harvard Pilgrim Health Care, which provides health benefits for various of our employees.

2. As part of my job responsibilities, I requested that Harvard Pilgrim Health Care prepare a report summarizing claims received by Harvard Pilgrim Health Care for James J. Ward between November 21, 2003 and July 6, 2004. This report identifies all claims received from Mr. Ward during that time period and the disposition of those claims. A true and accurate copy of that report is attached to American Airlines, Inc.'s Statement of Material Facts Not In Dispute as Exhibit 3.

3. As part of my job responsibilities, I also requested a determination of whether Mr. Ward had submitted claims to Harvard Pilgrim Health Care for certain

other medical bills and was told that he had not. A summary of those findings is also contained in Exhibit 3 to American Airlines, Inc.'s Statement of Material Facts Not In Dispute.

4. Reports like that contained in Exhibit 3 of American Airlines, Inc.'s Statement of Material Facts Not In Dispute are requested and kept in the course of American Airlines, Inc.'s regular business activities as part of its regular business practices.

Signed under the pains and penalties of perjury this 28th day of February, 2006.

_____
Lori Kissick

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 2, 2006.

/s/ Amy Cashore Mariani
Amy Cashore Mariani

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES J. WARD,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.: 05 CV 10239 MEL<br>)<br>)<br>)<br>)<br>)<br>) |

## **AFFIDAVIT OF DEBORAH JAMESON IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I, Deborah Jameson, depose and state that:

1. I am employed by American Airlines, Inc. as a Benefits Compliance Supervisor. My responsibilities include maintaining compliance in the American Airlines, Inc.-sponsored health and welfare benefit plans, and managing the Pension Benefits Administration Committee appeals group, for which I utilize the Summary Plan Description for American Airlines, Inc. employees.

2. A true and accurate copy of the Summary Plan Description in effect for American Airlines, Inc. employees between November 21, 2003 and July 6, 2004 is attached to American Airlines, Inc.'s Statement of Material Facts Not In Dispute as Exhibit 4.

3. The Summary Plan Description attached as Exhibit 4 of American Airlines, Inc.'s Statement of Material Facts Not In Dispute is prepared and kept in the

course of American Airlines, Inc.'s regular business activities as part of its regular business practices.

Signed under the pains and penalties of perjury this 23rd day of February, 2006.

                                                   Deborah Jameson

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on __March 2__, 2006.

                                         __/s/ Amy Cashore Mariani__
                                         Amy Cashore Mariani

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES J. WARD,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>      Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No.: 05 CV 10239 MEL<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF JUDY HUNTER IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Judy Hunter, depose and state that:

1. I am employed by American Airlines, Inc. as a paralegal.

2. As part of my job responsibilities, I prepared a letter to James J. Ward regarding certain medical bills received from him. A true and accurate copy of that letter is attached to American Airlines, Inc.'s Statement of Material Facts Not In Dispute as Exhibit 7.

3. Also attached to American Airlines, Inc.'s Statement of Material Facts Not In Dispute as Exhibits 1 and 2 respectively are true and accurate copies of a Final Advisory Letter issued to James J. Ward, and a Settlement Agreement executed between American Airlines, Inc., Mr. Ward, and the Transport Workers Union of America, Local 507. These documents are contained in Mr. Ward's personnel file at American Airlines, Inc.

4. Correspondence like that contained in Exhibit 7 of American Airlines, Inc.'s Statement of Material Facts Not In Dispute is prepared and kept in the

ordinary course of American Airlines, Inc.'s regular business activities as part of its regular business practices. Final Advisory Letters and Settlement Agreements like those contained in Exhibits 1 and 2 of American Airlines, Inc.'s Statement of Material Facts Not In Dispute are prepared and kept in the ordinary course of American Airlines, Inc.'s regular business activities as part of its regular business practices.

Signed under the pains and penalties of perjury this 23rd day of February, 2006.

_____
Judy Hunter

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on _March 2_, 2006.

_/s/ Amy Cashore Mariani_
Amy Cashore Mariani

2