UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES J. WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05 CV 10239 MEL |
| v. ) | |
| ) | |
| AMERICAN AIRLINES, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant American Airlines, Inc. (hereinafter, "AA") files this reply memorandum to address certain inaccuracies and misstatements contained in plaintiff's opposition to AA's Motion for Summary Judgment.[1] For purposes of summary judgment only, AA's reply assumes that the facts alleged in plaintiff's Statement of Material Facts and in the Affidavit of James J. Ward in Opposition to Defendant's Motion For Summary Judgment ("Ward Affidavit") are accurate.[2] Even with that assumption, plaintiff's opposition fails to set forth any basis to allow this action to continue.

**THE EXHIBITS TO AA'S MOTION ARE ADMISSIBLE.**

Plaintiff contends that AA's motion is unsupported by admissible evidence. That contention lacks merit. Plaintiff also contends that Exhibit 6 to AA's motion, a set of medical records provided to AA's counsel at the time of a settlement conference, cannot

---

[1] As an initial matter, plaintiff's opposition was filed more than two weeks after the court's deadline for filing of oppositions, without leave of court. Therefore, it should not be considered by the court.
[2] The plaintiff's affidavit and statement of facts contain an abundance of information entirely irrelevant to the case at hand, in which the plaintiff seeks reimbursement for medical bills incurred between November 21, 2003 and July 6, 2004. For instance, the plaintiff's affidavit and statement of facts discuss extensively actions taken by the plaintiff with regard to other benefits and for other periods of time. That information has no bearing on this motion and should not be considered by the court.

be admitted because it was provided at the time of a settlement conference. That contention lacks any support in the law.

First, each of the exhibits submitted by AA in support of its motion is admissible. Exhibits 1-4 and 6 and 7 are business records admissible under Rule 803(6) of the Federal Rules of Evidence. Affidavits have been submitted pursuant to Rule 902(11) in connection with AA's Opposition to Plaintiff's Motion to Strike Defendant's Summary Judgment Exhibits.[3] There is no basis for plaintiff's contention that the documents submitted in support of AA's motion are inadmissible.

Second, plaintiff incorrectly cites Federal Rule of Evidence 408 in support of his contention that medical bills provided at the time of a settlement conference are inadmissible. Rule 408 expressly states that "[t]his rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations." The medical bills in question are at the heart of the plaintiff's claims and are therefore otherwise discoverable.

## ERISA PREEMPTS THE BREACH OF CONTRACT CLAIM ASSERTED BY THE PLAINTIFF IN HIS SMALL CLAIMS ACTION.

The law of the land is clear: ERISA governs all actions seeking to recover benefits from a health plan. *Ingersoll-Rand Co. v. McClendon*, 498, U.S. 133, 139 (1990); *Cogan v. Phoenix Life Ins. Co.*, 310 F.3d 238, 241 (1st Cir.2002), *citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987). The plaintiff filed a breach of contract action seeking to recover benefits from a medical plan. Therefore, that breach of contract claim is preempted by ERISA, giving this court jurisdiction over the plaintiff's claims. For the reasons discussed *infra*, should the court wish to interpret the

---

[3] Plaintiff's motion to strike was the first instance in which AA learned of plaintiff's intention to challenge the authenticity of the exhibits.

2

plaintiff's claim as a claim for benefits under 28 U.S.C.A. 1132(a)(1)(B), the plaintiff fails to prove a valid claim under ERISA as well.

### PLAINTIFF FAILS TO SET FORTH ADMISSIBLE EVIDENCE DEMONSTRATING THAT HE HAS NOT BEEN REIMBURSED FOR MEDICAL BILLS PROPERLY SUBMITTED TO EITHER HARVARD PILGRIM HEALTH CARE OR AA.

At the heart of this action lies the plaintiff's attempt to be reimbursed for medical bills that he incurred between November 21, 2003 and July 6, 2004. *AA's Statement of Facts*, Exhibit 5. According to the plaintiff, these bills total $712.43. *Ward Affidavit* at ¶12. The plaintiff contends that he submitted these bills to Harvard Pilgrim Health Care's ("HPHC") claim processor, and that these bills were not paid because HPHC determined he did not have coverage. *Id*. However, Mr. Ward has submitted in his opposition evidence that only one of these claims was denied because he did not have coverage. *Id*, Exhibit F-2. HPHC's business records reflect that all other claims received for services rendered between November 21, 2003 and July 6, 2004 were paid in full, less the applicable co-pays. *AA's Statement of Material Facts Not In Dispute*, Exhibit 3. Additionally, the remaining amounts for which the plaintiff seeks reimbursement are balances or co-payments for which he is responsible, or for bills that he never submitted to HPHC. *Ward Affidavit*, Exhibit B (never submitted), Exhibit C (never submitted), Exhibit E (never submitted), Exhibit G (deductible), Exhibit I (never submitted), *AA's Statement of Material Facts Not In Dispute*, Exhibit 3.[4] Finally, in the absence of documentation supporting his contentions, the plaintiff's self-serving statements that he submitted the bills attached to his affidavit as Exhibits B, C, E, and I for reimbursement

---

[4] The Ward Affidavit is misleading because it submits multiple bills for services rendered by the same provider on the same date of service. *See, e.g.*, Ward Affidavit Exhibits A and D, reflecting services rendered by Ronald Backer of Winchester Physician Associates in the amount of $85.00 on March 6, 2004.

are not sufficient evidence that he did in fact do so (particularly where it is clear that he has taken care to retain documentation relating to his case) and therefore should not be credited at summary judgment. *Quinones v. Buick*, 436 F.3d 284, 290 (1st Cir.2006).

**PLAINTIFF FAILS TO SET FORTH ANY EVIDENCE THAT HE EXHAUSTED HIS ADMINISTRATIVE REMEDIES SEEKING RECOUPMENT OF MEDICAL BENEFITS FROM NOVEMBER 21, 2003 TO JULY 6, 2004.**

The plaintiff contends that he did in fact exhaust his administrative remedies by filing two appeals with AA. However, the documentation submitted in support of that contention is misleading. Careful reading of the letter attached as Exhibit O to his affidavit shows he sought benefits in that appeal from **August 14, 2004 to March 14, 2005**, not for medical bills incurred between November 21, 2003 and July 6, 2004, the period of time that is relevant to this proceeding. The plaintiff's own complaint sought reimbursement for medical bills incurred between November 21, 2003 and July 6, 2004. *AA's Statement of Material Facts Not In Dispute*, Exhibit 5. His claim that he has therefore exhausted his administrative remedies with regard to the period of time in question lacks merit.

      Respectfully submitted,
      **AMERICAN AIRLINES, INC.,**

      By its attorney,


      */s/ Amy Cashore Mariani*
      Amy Cashore Mariani, BBO #630160
      **FITZHUGH, PARKER & ALVARO LLP**
      155 Federal Street Suite 1700
      Boston, MA 02110
Dated: March 2, 2006      (617) 695-2330

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 2, 2006.

                                                __*/s/ Amy Cashore Mariani*__
                                                Amy Cashore Mariani