**E N D O R S E M E N T**

JAMES J. WARD v. AMERICAN AIRLINES, INC.
05-CV-10239-MEL

LASKER, D.J.

      Defendant American Airlines, Inc. ("AA") moves for summary judgment against James J. Ward ("Ward") on the grounds that: (1) Ward's breach of contract claim is preempted by ERISA; (2) Ward was reimbursed for all properly filed claims; and (3) Ward has failed to exhaust his administrative remedies.

      Ward seeks to recover benefits from a health plan and thus his claims are governed by ERISA. Paragraph three of the Settlement Agreement between AA and Ward provides that: "Mr. Ward will be considered eligible to file any benefit claims that have been incurred during the time off payroll and they will be processed in accordance with the terms of the Health Plan." Pursuant to this language, Ward is entitled to receive benefits payments for medical expenses through the ordinary process employed under his health care plan. The Settlement Agreement is not an agreement by AA to pay Ward's medical expenses directly. ERISA therefore controls.

      The plain language of the Settlement Agreement is prospective in nature. The first paragraph of the Agreement provides that: "Mr. Ward will be <u>reinstated</u> to the position of Fleet Service Clerk Crew Chief and <u>returned</u> to an unpaid sick leave of absence effective with the signing of this agreement." (Emphasis added.) In other words, the twelve month unpaid sick leave of absence, under which Ward had received approximately five months of health care coverage at the time of his suspension, would resume and run for the remaining seven months upon the execution of the Agreement. This reading is supported by the first sentence of paragraph three: "Health benefits will be <u>restored</u> to Mr. Ward effective with the signing of this agreement." (Emphasis added.) Although the Agreement states that Ward can be reimbursed for claims incurred during his time off payroll, it also clearly indicates that he will be "restored" and "returned" to the sick leave under which he is entitled to continuing health benefits for a total period of twelve months. As a result, under the terms of the Settlement Agreement, Ward was entitled to file any benefit claims incurred during his time off payroll from November 21, 2003 through June 29, 2004, and was also to be restored health benefits for the prospective seven month period running from the signing of the agreement on June 29, 2004 through January 28, 2005.

Although Ward has not exhausted administrative remedies with respect to all his claims, he has demonstrated the futility of taking any further action in conformity with the relevant administrative procedures. Ward sent numerous communications, both oral and written, to AA's Human Resources Department seeking coverage for medical expenses incurred between November 21, 2003 through June 29, 2004, as well as after June 29, 2004. Ward was given three different dates by AA, Conexis (AA's COBRA benefits partner), and Harvard Pilgrim Health Care (AA's health plan) regarding when his coverage was terminated. Ward submitted a first level appeal in November 2004 and a second level appeal in January 2005 regarding the denial of his coverage. He followed the administrative procedures established by AA, and both requests for coverage were denied. I am satisfied that further appeals or attempts by Ward to exhaust administrative remedies would be futile. This litigation, much of which Ward undertook *pro se*, is proof of his assiduity in pursuing his health care benefits.

Unfortunately, despite the findings above, crucial material facts remain in dispute such that summary judgment cannot be granted. It is simply unclear whether Ward was fully reimbursed for all properly submitted claims.

Accordingly, AA's motion for summary judgment is DENIED. The Court strongly suggests that the parties confer in an attempt to settle their dispute in a manner consistent with this order, rather than continuing to pursue costly litigation over a relatively small outstanding sum.

It is so ordered.


Dated:   August 21, 2006
         Boston, Massachusetts         /s/ Morris E. Lasker
                                              U.S.D.J.